IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

WILLIAM RANDALL MCKINNEY,        )
                                 )
    Plaintiff,                   )
                                 )
v.                               )   Case No. CIV-13-337-HE
                                 )
CITY OF OKLAHOMA CITY, CITY OF   )
OKLAHOMA CITY POLICE DEPARTMENT, )
PHIL WILLIAMS, JEREMY ANGLIN, PAUL )
CAMACHO, CHRISTOPHER GULIKERS.   )
                                 )
    Defendants.                  )

### DEFENDANT CITY'S MOTION TO DISMISS
### AND BRIEF IN SUPPORT

COMES NOW a Defendant, the City of Oklahoma City, and respectfully moves this Court to dismiss the claims against it pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure as the Petition fails to state a cause of action against it. In support of its Motion, Defendant City offers the attached Brief.

### BRIEF IN SUPPORT

**Proposition I: The Court lacks subject-matter jurisdiction over Plaintiff's state law claims because they are barred by the Oklahoma Governmental Tort Claims Act.**

Plaintiff's first, second, and sixth causes of action assert state law claims against the individual defendants, who are all employees of the City. Petition at ¶ 4. Pursuant to the Oklahoma Governmental Tort Claims Act, a political subdivision is liable for the torts of its employees who are acting within the scope of their employment. 51 O.S. § 153(A). The OGTCA requires that "claims against the state or political subdivision are to be

presented within one (1) year of the date the loss occurs." 51 O.S. § 156(B). The OGTCA further provides:

> No action for any cause arising under this act, Section 151 et seq. of this title, shall be maintained unless valid notice has been given and the action is commenced within one hundred eighty (180) days after denial of the claim as set forth in this section.

51 O.S. § 157(B). In regards to the OGTCA's notice requirements, the Oklahoma Supreme Court has held that:

> 1) compliance with the written notice of claim and denial of claim provisions in §§ 156 and 157 are prerequisites to the state's consent to be sued and to the exercise of judicial power to remedy the alleged tortious wrong by the government; 2) judicial power is invoked by the timely filing of the governmental tort claims action pursuant to § 157; and, 3) expiration of the 180–day time period in § 157(B) operates to bar judicial enforcement of the claim against the government to which the Legislature waived sovereign immunity.

*Shanbour v. Hollingsworth,* 918 P.2d 73, 75 (Okla. 1996) (citing *Cruse v. Atoka Board of Commissioners*, 910 P.2d 998, 1004-05 (Okla. 1995)).

Plaintiff submitted a tort claim notice to Defendant City on March 15, 2012, alleging that he was injured (i.e. the officers used excessive force) during a traffic stop that occurred on March 18, 2011. See Plaintiff's Notice of Tort Claim, attached as exhibit 1.[1] The claim was deemed denied on June 13, 2012, because Defendant City failed to

---

[1] The Court may consider documents attached to a Motion to Dismiss without converting it to a Motion for Summary Judgment if the documents are central to the Plaintiff's claims. *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997). See also *Tal v. Hogan,* 453 F.3d 1244, 1264-65, n. 24, (10th Cir. 2006) (stating that facts outside the pleadings that are subject to judicial notice may be considered on a Motion to Dismiss.) If this Court were to treat this Motion as a Motion for (Partial)

approve the claim within 90 days. 51 O.S. § 157(A). Pursuant to the OGTCA's 180 day filing period, the Plaintiff was required to commence any lawsuit by December 10, 2012. However, Plaintiff did not file his Petition until March 15, 2013, well over 180 days after the claim was deemed denied. Expiration of the 180 day filing period bars Plaintiff's state law claims against the City. Accordingly, Defendant City respectfully requests this Court dismiss Plaintiff's state law claims with prejudice.

### Proposition II: The Petition fails to state a cause of action against Defendant City.

Fed.R.Civ.P. 8(a)(2) provides that a complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief. To withstand a motion to dismiss, "a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face." *Bell Atlantic v. Twombly,* 550 U.S. 544, 570 (2007). A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662 (2009). Thus, mere "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. In § 1983 cases, where defendants often include a number of different government actors, it is "particularly important…that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the

---

Summary Judgment, Defendant City would request permission to file a second Motion for Summary Judgment at the appropriate time.

claims against him or her, as distinguished from collective allegations against the state." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008 ).

The Petition lists nine causes of action, although only four appear to be directed toward Defendant City. The majority of Plaintiff's Petition consists of conclusory statements reciting the name of a particular cause of action. Plaintiff makes only one specific factual reference to the City in his Petition. Petition at ¶ 2. For the reasons explained below, the causes of action directed at Defendant City fail to state a claim upon which relief can be granted as to the City.

### I. DEPRIVATION OF RIGHTS

In his third cause of action, Plaintiff claims that "Defendants (sic) actions caused Plaintiff to be subjected to a deprivation of rights, privileges or immunities secured by the Constitution and laws, in violation of 42 O.S. § 1983." Petition at ¶ 18. As there is no section 1983 of title 42 of the Oklahoma Statutes, Defendant City assumes that Plaintiff meant to bring this suit under 42 U.S.C. § 1983. Initially, Plaintiff has failed to identify the federal right that was allegedly violated. 42 U.S.C. § 1983 is "not itself a source of substantive rights" and only provides a procedure for vindicating rights secured elsewhere. *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979). Thus, the first inquiry in a § 1983 action is to determine what constitutional right the Plaintiff claims was violated. *Graham v. Connor*, 490 U.S. 386, 394 (1989). Here, however, Plaintiff's first cause of action fails to identify any federal right that was allegedly violated by the defendants and it therefore fails to state a valid claim.

Additionally, Plaintiff has failed to plead any theory of municipal liability. A municipality cannot be liable under the theory of respondent superior for its employees' alleged constitutional torts. *Monell v. New York Dept. of Social Services,* 436 U.S. 658 (1978). Instead, a municipality can only be liable if it maintained an unconstitutional policy or a constitutional policy that caused a series of unconstitutional violations. *See Canton v. Harris*, 489 U.S. 378 (1989). *See also Monell,* at 694; *Carr v. Castle,* 337 F.3d 1221, 1228-1232 (10th Cir. 2003). Further, municipal liability may be imposed only when the execution of a government's official policy or custom is the "moving force" behind a constitutional violation. *Monell,* at 694-695. Importantly, proof of a single incident of unconstitutional activity is not sufficient to impose liability on a municipality where the policy or custom relied upon is not itself unconstitutional. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 824 (1985).

Here, Plaintiff's first cause of action does not allege any unconstitutional policy which could impose liability on Defendant City. Plaintiff has failed to plead any theory of municipal liability under 42 U.S.C. § 1983. Accordingly, Defendant City is entitled to dismissal from Plaintiff's third cause of action.

### II. EXCESSIVE FORCE

Plaintiff's fourth cause of action claims that "Defendants' conduct was excessive force in violation of OK. CONST. Article 2 § 9 and the 8th Amendment to the U.S. Constitution." (Petition at ¶ 20). Plaintiff has also alleged that he "was arrested by the City of Oklahoma Police Department after suffering injuries caused by the arresting officers" and "was tased, kicked and punched prior to and during his arrest." Petition at

5

¶¶ 6-7. The language in Article 2, § 9 of the Oklahoma Constitution is identical to the language in the Eight Amendment.

The Supreme Court has held that any excessive force claim arising as a result of a detention or arrest by law enforcement officers is governed by the Fourth Amendment's reasonable seizure requirement. *Graham v. Connor*, 490 U.S. 386, 394 (1989). The Eighth Amendment's protections do not arise until after an individual is convicted of a crime. *Whitley v. Albers*, 475 U.S. 312 (1986); see also *Porro v. Barnes*, 624 F.3d 1322, 1326 (10th Cir. 2010) (explaining that "prisoners already convicted of a crime who claim that their *punishments* involve excessive force must proceed under the more restrictive terms of the Eighth Amendments 'cruel and unusual' punishment clause.") Oklahoma law similarly holds that the prohibitions against cruel and unusual punishment articulated in Article 2, § 9 of the state constitution only apply to those convicted of a crime. *Washington v. Berry,* 55 P.3d 1036, 1039 (Okla. 2002); *Bryson v. Oklahoma County*, 261 P.3d 627, 633 (Okla.Civ.App. 2011).

Plaintiff does not allege that he was convicted of a crime at the time of incident but instead claims the incident occurred prior to and during his arrest. Neither Article 2, § 9 of the Oklahoma Constitution or the Eighth Amendment are applicable to the facts alleged in the Petition. Accordingly, Plaintiff's fourth cause of action fails to state a claim and Defendant City is entitled to dismissal.

### III. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Plaintiff's seventh cause of action alleges that the defendant officers "intentionally committed to cause Plaintiff, William McKinney, great emotional distress." Petition at ¶

25. To the extent Plaintiff intended this cause of action to apply to the City, Defendant City is entitled to dismissal because it cannot be held liable for the torts of its employees acting outside the scope of their employment.

The Oklahoma Governmental Tort Claims Act states that a political subdivision "shall be liable for loss resulting from its torts or the torts of its employees acting within the scope of their employment." 51 O.S. § 153(A). Scope of employment is defined as "performance by an employee acting in good faith within the duties of the employee's office or employment…" 51 O.S. § 152(12). In *McMullen v. City of Del City*, 920 P.2d 528 (Okla.Civ.App.), the Oklahoma Court of Civil Appeals held that an individual cannot be acting in good faith if they have committed the tort of intentional infliction of emotional distress because it necessarily requires proof of extreme or outrageous conduct. *Id.* at 531. Since the elements of intentional infliction of emotional distress require bad faith actions by an employee, the employee is acting outside of the scope of their employment and the City cannot be held liable. Accordingly, Defendant City is entitled to dismissal from Plaintiff's seventh cause of action.

### IV. PUNITIVE DAMAGES

The ninth cause of action listed in the Petition alleges that "Defendants' conduct evinces a reckless disregard for the life of another entitling Plaintiff to damages for the sake of example" and that "the acts of the Defendants constitute willful and wanton conduct, for which the Plaintiff is entitled to recover punitive or exemplary damages." Petition at ¶¶ 28-29. However, Plaintiff is not entitled to recover punitive damages against Defendant City under either federal or state law.

Section 154(c) of the Governmental Tort Claims Act states that "[n]o award for damages in an action or any claim against the state or a political subdivision shall include punitive or exemplary damages." 51 O.S. § 154(C). Additionally, *City of Newport v. Facts Concerts*, 453 U.S. 247 (1981), held that punitive damages are not available against a municipality under in a 42 U.S.C. § 1983 claim. To the extent Plaintiff intended this claim to apply to Defendant City, it should be dismissed with prejudice as municipalities are immune from punitive damages under both state and federal law.

## VI. REMAINING CAUSES OF ACTION

Plaintiff's first, second, fifth, sixth and eighth causes of action name the individual officers as defendants and do not appear to be directed towards Defendant City. Accordingly, Defendant City does not believe it needs to respond to these allegations. In any event, to the extent Plaintiff intended any of these allegations to apply to the City, any of the claims based on state law are barred as a result of Plaintiff's failure to comply with the Oklahoma Governmental Tort Claims Act. (See Proposition I, supra).

## **CONCLUSION**

WHEREFORE, Defendant City, respectfully requests that the Court grant its Motion to Dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

Respectfully Submitted,

Kenneth Jordan
Municipal Counselor


By: /s/ Jennifer M. Warren
Richard C. Smith, OBA #8397
Jennifer M. Warren, OBA #30284
Assistant Municipal Counselors
200 N. Walker, 4th floor
Oklahoma City, OK 73102
(405) 297-2451 Fax: (405) 297-3851
Jennifer.Warren@okc.gov
Attorneys for Defendant City


**CERTIFICATE OF SERVICE**

This is to certify that on the 8th day of April, 2013, a true and correct copy of the above and foregoing instrument was electronically transmitted to the Clerk of the Court using the ECF System for filing and mailed via U.S. mail to: Don Jackson and Kristen L. Hartman, Jackson Law Firm, 217 N. Harvey, Suite 105, Oklahoma City, OK 73102, Attorneys for Plaintiff.


/s/ Jennifer M. Warren
Assistant Municipal Counselor