IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILLIAM RANDALL MCKINNEY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CITY OF OKLAHOMA CITY, ) <br> CITY OF OKLAHOMA CITY POLICE ) <br> DEPARTMENT, PHIL WILLIAMS, ) <br> JEREMY ANGLIN, PAUL CAMACHO, ) <br> CHRISTOPHER GULIKERS, ) <br> ) <br> Defendants. ) | Case No. CIV-13-337-HE |

## PARTIAL MOTION TO DISMISS OF DEFENDANTS
## ANGLIN, CAMACHO, AND GULIKERS
## AND BRIEF IN SUPPORT

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants Jeremy Anglin, Paul Camacho, and Christopher Gulikers request this court partially dismiss Plaintiff William McKinney's Petition, a copy of which is attached as Exhibit 1. Plaintiff has failed to state a claim upon which relief can be granted for assault, battery, intentional infliction of emotional distress, or abuse of authority. Therefore, Plaintiff's first, second, seventh and eighth causes of action should be dismissed. Plaintiff's sixth cause of action for negligence should also be dismissed with respect to the individual officers; under 51 O.S. §163(C), the individual officers are not proper parties to a negligence claim. A brief in support of this motion is attached. Because this motion to dismiss does not address all of the causes of action in Plaintiff's Petition, an answer has been contemporaneously filed on behalf of Defendants Anglin, Camacho and Gulikers.

## BRIEF IN SUPPORT OF PARTIAL
## MOTION TO DISMISS OF DEFENDANTS
## ANGLIN, CAMACHO, AND GULIKERS

Plaintiff McKinney alleges he was arrested on March 18, 2011, after being "tased, kicked and punched prior to and during his arrest by Officers Anglin, Camacho, and Gulikers." See, Exhibit 1, ¶¶6 and 7. These allegations of excessive force, despite the failure to identify the specific actions taken by each of the Defendant Officers, appear sufficient to state a claim under 42 U.S.C. §1983 for a violation of the Fourth Amendment. Therefore, the Defendant Officers are not seeking dismissal of Plaintiff's third and fourth causes of action at this time.[1] However, the allegations of Plaintiff's Petition fail to state a viable claim for either assault or battery under Oklahoma law because the statute of limitations has run on these claims.

The statute of limitation for assault and battery claims under Oklahoma law is one year. See, 12 O.S. §95(A)(4), which provides:

> Civil actions other than for the recovery of real property can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards:
>
> 4.    Within one (1) year: An action for libel, slander, ***assault, battery***, malicious prosecution, or false imprisonment; an action upon a statute for penalty or forfeiture, except where the statute imposing it prescribes a different limitation; (emphasis added)

In the instant case, the alleged tasing, kicking and punching of which Plaintiff

---

[1] Plaintiff's fifth cause of action for "Failure to Train, Supervise, and Control" also appears to be based on federal law, but is brought only against Defendant Phil Williams. Therefore, it is outside the scope of this motion.

complains occurred on March 18, 2011. Plaintiff's Petition was filed more than one year later, on March 15, 2013. See, Exhibit 1, p. 1. Plaintiff's first and second causes of action, the state law claims for assault and battery, should be dismissed as untimely.

Plaintiff's seventh cause of action, for intentional infliction of emotional distress, should also be dismissed as untimely. As a general rule, intentional infliction of emotional distress is governed by the two year statute of limitations set forth in 12 O.S. §95(A)(3). *Williams v. Lee Way Motor Freight, Inc.*, 1984 OK 64, 688 P. 2d 1294, 1295. However, as the Oklahoma Supreme Court recognized in *Thomas v. Casford*, 1961 OK 158, 363 P. 2d 856, a plaintiff cannot extend the statute of limitations on an assault and battery claim by attempting to reframe it as intentional infliction of emotional distress.

In *Thomas*, the plaintiff made repairs to the defendant's car, but would not release the car to the defendant until the bill was paid. The plaintiff asserted the defendant became angry, and punched him in the head causing substantial injuries and damages including hospital bills and loss of income. *Id.* at 857. The defendant asserted the claim was barred by §95(4), but the plaintiff argued he was not suing for the assault but for the injuries, and that therefore the appropriate statute of limitations was the two year statute of limitations of §95(3) governing "injury to the rights of another. . .not otherwise enumerated." *Id.* at 858. The Oklahoma Supreme Court rejected this end run around the statute of limitations, holding that injury or damage is an element of a cause of action and is not of itself a cause of action. The cause of action was one for assault and battery, and was barred by §95(4). *Id.*

The Oklahoma Court of Civil Appeals relied on *Thomas* in *Kimberly v. DeWitt*, 1980 OK CIV APP 2, 606 P. 2d 612, in which the plaintiff's decedent died as a result of a beating at a restaurant. The plaintiff sued the individuals involved in the fight, the restaurant and a restaurant employee. With respect to the individuals who caused the injuries, the petition alleged "gross negligence and violence." *Id.* at 614. *Kimberly* rejected this attempt to reframe the tort as something other that assault and battery, and held the claim was barred by the one year statute of limitations.[2] The substance of the pleading and the nature of the issues, rather than plaintiff's designation of the cause of action is controlling for statute of limitation purposes. *Id. Kimberly* states:

> The first issue raised is what causes of action were pleaded against which defendants. Though the petition alleges "gross negligence and violence" against Cranston, DeWitt, Pollard, and the Maggards, the substance of the pleading states only a cause of action for assault and battery. What controls is not the pleader's designation of the nature of the cause of action; rather, it is the substance of the pleading and the nature of the issues raised thereby. Allegations similar to the ones made against these defendants were held to state a cause of action for assault and battery in *Thomas v. Casford*, Okl., 363 P.2d 856, 857 (syllabus). Thus, against these defendants a cause of action for assault and battery was pleaded. (some citations omitted) *Kimberly* at 614.

In the instant case, Plaintiff makes a general allegation that "the actions of Officer Anglin, Officer Camacho and Officer Gulikers were intentionally committed to cause Plaintiff, William McKinney, great emotional distress." See, Exhibit 1, §25. However, the only specific allegation of wrongful conduct by these officers is the allegation in §7 that

---

[2]Plaintiff was still allowed to recover some damages under the wrongful death statute, but damages based on the decedent's pain and suffering were time barred by the one year statute of limitations for assault and battery.

4

"Plaintiff was tased, kicked and punched prior to and during his arrest." This is an allegation that Plaintiff was assaulted. As both *Thomas* and *Kimberly* recognize, the applicable statute of limitations is determined by the factual allegations and nature of the issues presented, rather than the Plaintiff's designation of the cause of action. *Kimberly* at 614. Just as the plaintiffs in *Thomas* and *Kimberly* could not revive time-barred assault and battery claims by recharacterizing them as actions for "injury" or "gross negligence," Plaintiff McKinney cannot seek recovery under state law for being "tased, kicked and punched" by recharacterizing these alleged actions as intentional infliction of emotional distress rather than assault and battery.

Plaintiff's eighth cause of action, for "abuse of discretion and authority" should also be dismissed for failure to state a claim upon which relief can be granted. Oklahoma does not recognize a cause of action for abuse of discretion or abuse of authority. The closest recognized cause of action is for abuse of process. See, *Greenberg v. Wolfberg*, 1994 OK 147, 890 P.2d 895, 905 (The elements of the tort of abuse of process are (1) the improper use of the court's process (2) *primarily* for an ulterior or improper purpose (3) with resulting damage to the plaintiff asserting the misuse)(emphasis by court). However, as this court recently recognized in *Stoller v. Funk*, 2012 U.S. Dist. LEXIS 74637 (W.D. Okla. May 30, 2012), this tort applies only to actions taken within the course of an active or ongoing lawsuit. *Stoller* at *5. A party can not use the tort of abuse of process to complain of actions taken prior to the time a lawsuit was filed. *Id.*

In the instant case, Plaintiff McKinney alleges the Defendant Officers "abused their authority" when they "made contact with Plaintiff William McKinney without legal justification." See, Exhibit 1, §27. This contact, whatever its nature, occurred before any lawsuit was pending. Therefore, Plaintiff has failed to state a cause of action under *Greenberg* and *Stoller*. Moreover, to the extent the contact complained of is the physical force used, any potential cause under state law is barred by 12 O.S. §95(A)(4) as discussed above. To the extent the contact complained of is the arrest itself, any potential cause of action is still barred by §95(A)(4). See, *Koch v. City of Del City*, 2010 U.S. Dist. LEXIS 31709 (W.D. Okla. 2010) (Under Oklahoma law, claims based on false arrest and assault and battery are subject to a one year statute of limitations.)

Finally, Plaintiff's sixth cause of action, for negligence, should be dismissed with respect to Defendant Officers Anglin, Camacho, and Gulikers. Under the Oklahoma Governmental Tort Claims Act (GTCA), 51 O.S. §151 *et seq*, individual employees cannot be sued personally for acts of negligence. Instead, as the Oklahoma Supreme Court has consistently recognized, the GTCA is the exclusive remedy for an injured party to recover against a governmental entity in tort. *Tuffy's, Inc., v. City of Oklahoma City*, 2009 OK 4, ¶7, 212 P. 3d 1158, 1163; *Speight v. Presley*, 2008 OK 99, 203 P.3d 173, 176. The liability of the state or political subdivision is exclusive, and in place of all other liability of the state, a political subdivision *or employee* at common law or otherwise. (emphasis by court) *Speight* at 176, quoting 51 O.S. §153(B). In no instance shall an employee acting within the scope of employment be named as a defendant. *Speight* at 179, quoting 51 O.S. §163(C). Section

163(C) provides:

> Suits instituted pursuant to the provisions of this act shall name as a defendant the state or the political subdivision against which liability is sought to be established. ***In no instance shall an employee of the state or political subdivision acting within the scope of his employment be named as defendant*** except with the exception that suits based on the conduct of resident physicians and interns shall be made against the individual consistent with the provisions of Title 12 of the Oklahoma Statutes. (emphasis added)

The doctrine of *respondeat superior* is applicable under the GTCA. *Tuffy's, Inc.* at 1163. In *Tuffy's*, the owner of a nightclub filed suit against the city for actions taken by police officers in removing customers from the club, alleging the officers "attacked, harassed and assaulted numerous customers." *Id.* at 1161. Although recognizing assault is not normally within the scope of employment, the Supreme Court held this general rule does not apply when the act alleged to constitute an assault is one which is fairly and naturally incident to the employer's business. *Id.* at 1166. An employee's act is also within the scope of employment if it is done, however ill-advisedly, with a view to further the employer's interest or arises out of an emotional response to actions being taken for the employer. *Id.*

In the instant case, Plaintiff has alleged he was injured as a result of the Defendant Officers' negligence, but has made no allegation the Officers were acting outside the scope of their employment. As *Tuffy's* demonstrates, actions taken by police officers in making an arrest do not necessarily fall outside the scope of employment simply because the arrestee sustains an injury. Even if Plaintiff can demonstrate the Defendant Officers acted in a negligent manner, they are not proper parties to the negligence claim pled in Plaintiff's sixth cause of action.

As the authority discussed above demonstrates, Plaintiff has failed to state a cause of action against Defendant Officers Anglin, Camacho, and Gulikers for assault, battery, negligence, intentional infliction of emotional distress, or abuse of discretion and authority. Therefore, the Court should grant the Defendant Officers' Motion to dismiss the first, second, sixth, seventh, and eighth causes of action of Plaintiff's Petition.

Respectfully submitted,

/s/ Stacey Haws Felkner
Susan Ann Knight, OBA #14594
Stacey Haws Felkner, OBA #14737
Manchester & Knight, PLLC
One Leadership Square, Suite 800 N
211 North Robinson
Oklahoma City, Oklahoma, 73102
Telephone: (405)235-4671
Facsimile: (405)235-5247
Attorney for Defendants Oklahoma City Police Officers Jeremy Anglin, Paul Camacho and Christopher Gulikers

## CERTIFICATE OF MAILING

This is to certify that on this 8th day of April, 2013, a true and correct copy of the above and foregoing was served on the following, who are registered participants of the ECF System:

Don Jackson
Kristen L. Hartman
Jackson Law Firm
217 N. Harvey, Ste. 105
Oklahoma City, OK 73102

Richard C. Smith
Jennifer Warren
Municipal Counselor's Office
200 North Walker
Oklahoma City, OK 73102

David Lee
6011 North Robinson Avenue
Oklahoma City, OK 73118

/s/ Stacey Haws Felkner
Stacey Haws Felkner