## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **WILLIAM RANDALL MCKINNEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. CIV-13-337-HE** |
| **v.** | ) | |
| | ) | |
| **CITY OF OKLAHOMA CITY,** | ) | |
| **CITY OF OKLAHOMA CITY POLICE** | ) | |
| **DEPARTMENT, PHIL WILLIAMS,** | ) | |
| **JEREMY ANGLIN, PAUL CAMACHO,** | ) | |
| **CHRISTOPHER GULIKERS,** | ) | |
| | ) | |
| **Defendants.** | ) | **JURY TRIAL DEMANDED** |

## ANSWER OF DEFENDANT OKLAHOMA CITY POLICE OFFICERS JEREMY ANGLIN, PAUL CAMACHO AND CHRISTOPHER GULIKERS TO PLAINTIFF'S COMPLAINT

**COME NOW** the defendants, Oklahoma City Police Officers Jeremy Anglin, Paul Camacho and Christopher Gulikers, and for their Answer to plaintiff's Complaint, allege and state as follows:

1.     Defendants are without sufficient information to either admit or deny the allegations contained in paragraph 1 of plaintiff's Complaint, and accordingly, deny same and demand strict proof thereof.

2.     The allegations contained in paragraph 2 of plaintiff's Complaint do not pertain to these defendants and accordingly, these defendants do not respond thereto.

3.     The allegations contained in paragraph 3 of plaintiff's Complaint do not pertain to these defendants and accordingly, these defendants do not respond thereto.

4.      The allegations contained in paragraph 4 of plaintiff's Complaint regarding defendant Phil Williams do not pertain to these defendants, and accordingly, these defendants do not respond thereto.  Defendants Anglin, Camacho and Gulikers admit they are employed by the City of Oklahoma City as police officers, but they are not employed by the "City of Oklahoma Police Department."

5.      The defendants admit that the incident alleged in plaintiff's Complaint occurred in Oklahoma County, State of Oklahoma, but deny the events occurred in the manner as alleged by plaintiff.

6.      The allegations contained in paragraph 6 of plaintiff's Complaint are not addressed to these defendants, and accordingly, these defendants do not respond thereto.

7.      Defendant Camacho admits he tased the plaintiff when plaintiff was aggressively resisting the defendant officers' lawful attempts to place him under arrest; defendants Anglin and Gulikers deny that they tased the plaintiff at any time.  Defendants Anglin, Camacho and Gulikers deny kicking the plaintiff.  Defendants Anglin, Camacho and Gulikers deny punching the plaintiff, but defendant Gulikers admits he administered closed fisted quick penetration strikes in response to plaintiff's aggressive resistance of the defendant officers' lawful attempts to place plaintiff into custody.

8.      The allegation contained in paragraph 8 of plaintiff's Complaint is admitted.

9.      The allegations contained in paragraph 9 of plaintiff's Complaint are denied.

2

10.     The defendant officers deny the allegations contained in paragraph 10 of plaintiff's Complaint and demand strict proof thereof.  Any injuries sustained by the plaintiff with respect to plaintiff's arrest on March 18, 2011, were the result of plaintiff's own unlawful actions.

## FIRST CAUSE OF ACTION

## ASSAULT

The defendants restate, reallege and incorporate their responses to paragraphs 1-10, above.

11.     The defendant officers deny the allegations contained in paragraph 11 of plaintiff's Complaint and demand strict proof thereof.

12.     The defendant officers deny the allegations contained in paragraph 12 of plaintiff's Complaint and demand strict proof thereof.

13.     The defendant officers deny the allegations contained in paragraph 13 of plaintiff's Complaint and demand strict proof thereof.

The defendants deny plaintiff is entitled to any relief as requested in his prayer for judgment.

## SECOND CAUSE OF ACTION

## BATTERY

The defendants restate, reallege and incorporate their responses to paragraphs 1-13, above.

14.     Defendant Anglin denies the allegations contained in paragraph 14 of plaintiff's Complaint and demands strict proof thereof.

15.     Defendant Camacho denies the allegations contained in paragraph 15 of plaintiff's Complaint and demands strict proof thereof.

16.     Defendant Gulikers denies the allegations contained in paragraph 16 of plaintiff's Complaint and demands strict proof thereof.

17.     The defendant officers deny the allegations contained in paragraph 17 of plaintiff's Complaint and demand strict proof thereof.

The defendants deny plaintiff is entitled to any relief as requested in his prayer for judgment.

## THIRD CAUSE OF ACTION

## DEPRIVATION OF RIGHTS

The defendants restate, reallege and incorporate their responses to paragraphs 1-17, above.

18.     Assuming plaintiff is citing Title 42 U.S.C. §1983, the defendant officers deny the allegations contained in paragraph 18 of plaintiff's Complaint and demand strict proof thereof.

19.     The defendant officers deny the allegations contained in paragraph 19 of plaintiff's Complaint and demand strict proof thereof.

The defendants deny plaintiff is entitled to any relief as requested in his prayer for judgment.

## FOURTH CAUSE OF ACTION

## EXCESSIVE FORCE

The defendants restate, reallege and incorporate their responses to paragraphs 1-19, above.

20.     The defendant officers deny the allegations contained in paragraph 20 of plaintiff's Complaint and demand strict proof thereof.  Further, the defendants deny plaintiff has stated a claim which would entitle him to relief based upon the cited Oklahoma and United States constitutional provisions.

The defendants deny plaintiff is entitled to any relief as requested in his prayer for judgment.

## FIFTH CAUSE OF ACTION

## FAILURE TO TRAIN, SUPERVISE AND CONTROL

The defendants restate, reallege and incorporate their responses to paragraphs 1-20, above.

21.     The defendant officers deny the allegations contained in paragraph 21 of plaintiff's Complaint and demand strict proof thereof.

22.     The allegations contained in paragraph 22 of plaintiff's Complaint are not directed toward these defendants and accordingly, these defendants do not respond thereto.

The defendants deny plaintiff is entitled to any relief as requested in his prayer for judgment.

## SIXTH CAUSE OF ACTION

## NEGLIGENCE

The defendants restate, reallege and incorporate their responses to paragraphs 1-22, above.

23.     The defendant officers deny the allegations contained in paragraph 23 of plaintiff's Complaint, demand strict proof thereof, and further deny they are proper parties to plaintiff's claim of negligence.

24.     The allegations contained in paragraph 24 of plaintiff's Complaint are not directed toward these defendants and accordingly, these defendants do not respond thereto.

The defendants deny plaintiff is entitled to any relief as requested in his prayer for judgment.

## SEVENTH CAUSE OF ACTION

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

The defendants restate, reallege and incorporate their responses to paragraphs 1-24, above.

25.     The defendant officers deny the allegations contained in paragraph 25 of plaintiff's Complaint and demand strict proof thereof.

The defendants deny plaintiff is entitled to any relief as requested in his prayer for judgment.

## EIGHTH CAUSE OF ACTION

## ABUSE OF DISCRETION AND AUTHORITY

The defendants restate, reallege and incorporate their responses to paragraphs 1-25, above.

26.     The allegations contained in paragraph 26 of plaintiff's Complaint are not directed toward these defendants and accordingly, these defendants do not respond thereto.

27.     The defendant officers deny the allegations contained in paragraph 27 of plaintiff's Complaint.

The defendants deny plaintiff is entitled to any relief as requested in his prayer for judgment.

## NINTH CAUSE OF ACTION

## PUNITIVE DAMAGES

The defendants restate, reallege and incorporate their responses to paragraphs 1-27, above.

28.     The defendant officers deny the allegations contained in paragraph 28 of plaintiff's Complaint and demand strict proof thereof.

29.     The defendant officers deny the allegations contained in paragraph 29 of plaintiff's Complaint and demand strict proof thereof.

The defendants deny plaintiff is entitled to any relief as requested in his prayer for judgment.

## AFFIRMATIVE DEFENSES

**COME NOW** the defendants, Oklahoma City Police Officers Jeremy Anglin, Paul Camacho and Christopher Gulikers, and for their affirmative defenses to the allegations made against them in plaintiff's Complaint, allege and state as follows:

30.     Plaintiff has failed to state a claim upon which relief may be granted.

31.     Some or all of plaintiff's claims, including, but not limited to, plaintiff's claim of assault and plaintiff's claim of battery, are outside the applicable statute of limitations.

32.     Taken in a light most favorable to the plaintiff, the plaintiff has failed to state a claim which would entitle him to relief pursuant to the Oklahoma Constitution, Article 2 Section 9.

33.     Taken in a light most favorable to the plaintiff, the plaintiff has failed to state a claim which would entitle him to relief pursuant to the Eighth Amendment to the United States Constitution.

34.     The defendant officers cannot be named in their individual capacities regarding any pendent state claims pursuant to Title 51 O.S. §163(C) and/or the doctrine of pendent claims jurisdiction.

35.     At all times relevant hereto, the defendant officers were acting pursuant to their statutory duties as law enforcement officers.

36.     Plaintiff's injuries, to the extent they exist, were the result of plaintiff's own unlawful/intentional/negligent acts.

37.    Plaintiff has failed to state a claim which would entitle him to an award of punitive damages.

38.    An award of punitive damages would be violative of the Fourteenth Amendment to the United States Constitution and principles of due process.

39.    The conduct of the defendant officers did not violate any federal, constitutional or statutory rights of the plaintiff.

40.    The actions of the defendant officers were in good faith.

41.    The actions of the defendant officers were without malice.

42.    The arrest of the plaintiff was based upon probable cause.

43.    The defendant officers deny the use of excessive force at all times relevant hereto.

44.    The actions of the defendant officers were at all times reasonable, necessary and appropriate based upon the circumstances confronting them at the time of this incident.

45.    The defendant officers used the minimum amount of force necessary to effect the plaintiff's arrest.

46.    Any force used by the defendant officers was necessitated by the actions of the plaintiff in resisting a lawful arrest.

47.    The actions of the defendant officers were not against clearly established law within the Tenth Circuit.

48.    At all times relevant hereto, the actions of the defendant officers were within the course and scope of their employment as police officers for the City of Oklahoma City

and within the training provided to them by the City of Oklahoma City; such training is lawful and constitutional.

49.     The actions of the defendant officers were not so unreasonable as to remove the shield of qualified immunity.

50.     The defendants reserve the right to supplement their list of affirmative defenses as they are identified during the course of discovery.

**WHEREFORE**, premises considered, these defendants respectfully request this Court dismiss plaintiff's Complaint on file herein with prejudice to the refiling thereof and award these defendants costs, attorney fees and any and all such other relief to which the Court deems defendants are entitled as necessitated by the defense of this action.

Respectfully submitted,

/s/ Susan Ann Knight
Susan Ann Knight, OBA #14594
Stacey Haws Felkner, OBA #14737
Manchester & Knight, PLLC
One Leadership Square, Suite 800 N
211 North Robinson
Oklahoma City, Oklahoma, 73102
Telephone: (405)235-4671
Facsimile: (405)235-5247
Attorney for Defendants Oklahoma City Police
Officers Jeremy Anglin, Paul Camacho and
Christopher Gulikers

## CERTIFICATE OF MAILING

This is to certify that on this 8th day of April, 2013, a true and correct copy of the above and foregoing was served on the following, who are registered participants of the ECF System:

Don Jackson
Kristen L. Hartman
Jackson Law Firm
217 N. Harvey, Ste. 105
Oklahoma City, OK 73102

Richard C. Smith
Jennifer Warren
Municipal Counselor's Office
200 North Walker
Oklahoma City, OK 73102

David Lee
6011 North Robinson Avenue
Oklahoma City, OK 73118

/s/ Susan Ann Knight
Susan Ann Knight