**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| WILLIAM RANDALL MCKINNEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) Case No.: CIV-13-337-HE |
| | ) |
| PHIL WILLIAMS, JEREMY ANGLIN, | ) |
| PAUL CAMACHO, and | ) |
| CHRISTOPHER GULIKERS | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW, the Plaintiff William McKinney, pursuant to leave granted by this court, and hereby amend the Plaintiff's original petition filed in Oklahoma District court to include the following allegations and states:

1.  That the Plaintiff, Billy McKinney, resides within Cleveland County, State of Oklahoma. Cleveland County is in the Federal Western District of Oklahoma.

2.  That the Defendants Phil Williams, Jeremy Anglin, Paul Camacho, and Christopher Gulikers are employed by the Oklahoma City Police Department.

3.  That all of the circumstances given rise to the incident in question occurred in Oklahoma County, State of Oklahoma. Further, Oklahoma County is in the Federal Western District of Oklahoma.

4.  That Plaintiff is alleging deprivation of his civil rights pursuant to 42 O.S. §1983. The Plaintiff presents a federal question, thus jurisdiction and venue with this court is proper.

5.  On February 15, 2011 Mr. William McKinney was socializing at Dan O'Brian's restaurant with his acquaintance, Cadmino Lopez. Mr. Lopez's friends Jimmy Smith and Joshua Rinken arrived later.

6.      The same evening, Joshua Rinken got into an altercation with off duty Oklahoma City
        Police Officer Chad Peery.  Mr. Lopez and Mr. Smith were also involved in the
        altercation.  The Plaintiff had <u>no</u> involvement with this incident.  Tragically, Officer
        Peery was gravely injured as a result of the altercation which resulted in his paralysis.

        7.The men responsible for Officer Perry's injuries (Mr. Rinken, Mr. Lopez, and Mr.
        Smith) were charged with Maiming or in the alternative Assault and Battery with
        Force Likely to Cause Death.  Mr. Rinken was convicted on July 11, 2012.  Mr. Smith
        was convicted on February 10, 2012.  Mr. Lopez was convicted on January 27, 2012.

8.      The Oklahoma County District Attorney, understanding that Mr. McKinney had <u>no</u>
        involvement in the incident with Officer Peery, chose not to file any charges against
        him.

9.      The named Defendant Officers were outraged by their colleague's injury and further
        enraged that Mr. McKinney was not charged with any crime.  As a result, these
        Defendant Officers made the intentional decision to abuse their positions of power,
        take the law into their own hands, and insure that Mr McKinney would pay with his
        liberty for crime(s) he did not commit.

10.     Through investigation into McKinney's criminal record, the Defendant Officers found
        that he was on  a twenty (20) year suspended sentence.  These Officer's then made the
        decision to "head hunt" Mr. McKinney and frame him for resisting arrest(and other
        crimes) in order to revoke his 20 year suspended sentence.

11.     The Plaintiff, through the course of discovery, will prove that on or around March 1,
        2011, the Defendant Officers, pursuant to order by Officer Williams, began appearing
        at establishments known to be frequented by Mr. McKinney.  They provided the

2

managers of these establishments with a picture of William McKinney and gave them instructions to call him if and when the Plaintiff entered their establishment. Again, there was no warrant out for Mr. McKinney's arrest and these Officers had no probable cause or reasonable suspicion to detain or question Mr. McKinney.

12.   Mr. McKinney's wife filed a Complaint of being harassed and stalked by Oklahoma County Police Officers. The City denied her claims.

13.   On March 18, 2011, an off duty police officer called Officer Williams and informed him of Mr. McKinney's presence at the Hooters restaurant on I-240 highway in Oklahoma City, Oklahoma. Soon thereafter, Officers Anglin, Camacho, and Gulikers, upon the order of Officer Williams, assembled in a parking lot near the Hooter's restaurant. The Officers remained in this parking lot for <u>nearly two hours,</u> waiting for Mr. McKinney to leave. Of note, and of importance, Defendant Officers Gulikers and Camacho are/were to patrol the Bricktown area of Oklahoma City and had no reason to be patrolling the South side of Oklahoma City other than to accost the Plaintiff.

14.   Mr. McKinney, scared for his safety, contacted his Attorney and wife in order to inform them of the situation.

15.   At roughly 7:00p.m. Mr. McKinney and his friends left the Hooters establishment in two separate vehicles and in separate directions . Mr. McKinney was in the passenger seat of one of the vehicles. Immediately, both vehicles were pulled over by Officers of the Oklahoma City Police Department. The individual driving the vehicle not containing Mr. McKinney was pulled over by non defendant Officer Jones. Once Officer Jones ascertained that Mr. McKinney was not in this vehicle he released the driver, Michael Beane, with a citation for Improper Lane Change.

Officers Gulikers and Anglin pulled over the vehicle that contained Mr. McKinney. This vehicle was driven by Bobby Hamm. Mr. Hamm was questioned and released even though he had been drinking, had a suspended license, and had active arrest warrants out of Oklahoma City Municipal Court.

16. Defendants Gulikers and Anglin pulled Mr. McKinney from the vehicle. Officers Gulikers and Anglin hand cuffed Mr. McKinney and preceded to savagely punch and kick him, resulting in severe bodily harm. Officer Camacho arrived at the scene, and assisted in Mr. McKinney's beating. Gulikers, Anglin and Camacho further tased him at least seven (7) times. Mr. McKinney, Mr. Hamm, and Mr. McKinney's wife(who was on the phone with him at the time), will attest that during this beating and afterwards the named Officers were screaming, "This is for Peery," and "I hope you enjoy getting butt fu*ked in prison for the next twenty years as*hole." and "Tase him again."

17. Mr. McKinney was then unlawfully arrested and taken to jail. The Oklahoma County District Attorney, relying upon the honor and word of Officers Williams, Anglin, Gulikers , and Camacho charged Mr. McKinney with Placing Body Fluids Upon a Government Employee; Assault and Battery Upon a Police Officer; Being Drunk in a Public Place; and Resisting Arrest.

18. On September 26, 2011 Mr. McKinney had his Preliminary Hearing. Officers Camacho, Anglin and Gulikers provided false testimony under oath with respect to alleged crimes Mr. McKinney was charged with, as a result, the Judge had no choice but to schedule Mr. McKinney for criminal trial. Mr. McKinney was placed on house arrest nearly all Summer. As a result the Plaintiff's business suffered and he has lost several important business clients as a result of this abuse of process.

19.     On July 13 and August 11, 2011 Mr. McKinney had his hearing on the States
Application to Revoke his Suspended Sentence before the Honorable Judge Donald
Deason of Oklahoma County.  Counsel for Mr. McKinney called Officers Anglin,
Camacho and Gulikers to the stand and thoroughly questioned them as to the facts of
Mr. McKinney's arrest.  This hearing lasted three days.  (The lengthy court record of
the hearing will be utilized for cross examination purposes at the time of trial.)  It
became readily apparent to everyone present in the courtroom during this hearing that
the named Officers, under oath, had perjured themselves on the stand and that the
charges were completely fabricated.  Further, it became apparent that the fraudulent
scheme was instituted and implemented under the supervision and order of Sargent
Williams.  Finally, the record of the revocation hearing will show that Sargent
Williams made attempts to intimidate favorable witnesses, to McKinney  (and thus
abuse the legal process) while in the hallway outside of the courtroom.

17.     The District Attorney for Oklahoma County chose not to pursue any of clearly
fraudulent charges against Mr. McKinney.

18.     The Plaintiff now lives in constant fear that these Officers, and perhaps others, will
stop at nothing to put him in prison for a crime(s) he did not commit.  He is further
terrified that he and his family will continue to be harassed, physically abused, and
again framed for fraudulent charges in order for his twenty year suspended sentence
to be revoked.

### I. FIRST CAUSE OF ACTION

### DEPRIVATION OF RIGHTS PURSUANT TO 42 O.S. §1983

Comes now the Plaintiff, Williams McKinney, and for his First cause of action

herein restates and incorporates by reference paragraphs 1-18 of this Amended Complaint

and further asserts:

19.     Plaintiff contends that Officers Williams, Anglin, Camacho and Gulikers under color of law, intentionally, unlawfully, and maliciously hunted down the Plaintiff with no warrant, probable cause, or reasonable suspicion for the sole purpose of framing Mr. McKinney for falsified crimes.  These acts were upon the order and direction of Sargent Williams.

20.     Officers Williams, Anglin, Camacho and Gulikers  intended to unlawfully, intentionally, and maliciously deprive the Plaintiff of his freedom,  liberty, and property  by fraudulent claiming that he resisted arrest(among other unsubstantiated crimes) in order to revoke his twenty (20) year suspended sentence.

21.     Officer's  Anglin, Camacho and Gulikers( upon order of Sargent Williams) used excessive force when they savagely beat the Plaintiff while handcuffed and tased him at least seven times.  This excessive force violates the 8th Amendment of the United States Constitution.

22.     These assertions, taken as true, show the plausability that the Plaintiff's suffered a deprivation of his rights, privileges and immunities secured by the Constitution of the United States of America, in violation of 42 O.S. § 1983.  These violation include, but are not limited to, violation of the 4rth, 5th and 8th Amendments of the U.S. Constitution.

23.     The Plaintiff, Williams McKinney, has suffered damages as a result of the Defendants' conduct and these damages were proximately caused by all named Defendants acts.

WHEREFORE, the Plaintiff, William McKinney, prays for judgment against the Defendants and for a total sum in excess of Seventy-Five Thousand ($75,000) Dollars, costs, attorney fees, and for such other further relief as the Court deems just and proper.

## II.  SECOND CAUSE OF ACTION

### NEGLIGENCE

Comes now the Plaintiff, Williams McKinney, and for his second cause of action herein restates and incorporates by reference paragraphs 1-18 of this Amended Complaint and further asserts:

24.   That the actions of Officer's Anglin, Camacho, Gulikers, and Williams were willful and wanton, malicious, and/or in bad faith.  This alleged  negligence, by law, is beyond the scope of their employment.

25.   These alleged acts by the all defendants caused injury and harm to the Plaintiff and can be considered the proximate cause of his injuries.

26.   A jury may determine, through the course of discovery, that the alleged negligent acts of all defendants were concurrent causes of Plaintiff's injury.

WHEREFORE, the Plaintiff, William McKinney, prays for judgment against the Defendants and for a total sum in excess of Seventy-Five Thousand ($75,000) Dollars, costs, attorney fees, and for such other further relief as the Court deems just and proper.

## III. THIRD CAUSE OF ACTION

### NEGLIGENT SUPERVISION

Comes now the Plaintiff, Williams McKinney, and for his third cause of action herein restates and incorporates by reference paragraphs 1-18 of this Amended Complaint and further asserts:

27.   Plaintiff alleges that Sargent Phil William's personally participated in the events giving rise

to this lawsuit when he intentionally, maliciously, in bad faith and under color of law, made false claims that the Plaintiff was in possession of drugs or stolen property for the purposes of obtaining probable cause. He further ordered and/or directed the remaining Defendants to act upon his false probable cause. His acts directly resulted in the Plaintiff's alleged injury.

28.     That the illegal acts performed by Gulikers, Anglin, and Camacho may have been upon direct order of Sargent Williams.

29     These alleged acts by the Sargent Williams caused injury and harm to the Plaintiff and could be considered the proximate cause of his injuries. As a result, he is not allowed under law the privilege of hiding behind the legal construct of qualified immunity.

WHEREFORE, the Plaintiff, William McKinney, prays for judgment against the Defendants and for a total sum in excess of Seventy-Five Thousand ($75,000) Dollars, costs, attorney fees, and for such other further relief as the Court deems just and proper.

## IV. FOURTH CAUSE OF ACTION

## ABUSE OF PROCESS

Comes now the Plaintiff, Williams McKinney, and for his forth cause of action herein restates and incorporates by reference paragraphs 1-18 of this Amended Complaint and further asserts:

30.     Officers Camacho, Gulikers, and Anglin abused the legal process by providing false records to the district attorney and perjuring themselves on the witness stand at Mr, McKinney's revocation hearing.

31.     These officers abused the Plaintiff's legal process upon the order and/or direction of Sargent Phil Williams.

32.     Sargent Williams further abused the legal process when he intentionally and wilfully attempted to intimidate witnesses in the hallway outside of Plaintiff's revocation hearing.

33.   The Plaintiff has suffered harm as a result of the Defendant's actions, including, but not limited to, economic loss of business interests.

WHEREFORE, the Plaintiff, William McKinney, prays for judgment against the Defendants and for a total sum in excess of Seventy-Five Thousand ($75,000) Dollars, costs, attorney fees, and for such other further relief as the Court deems just and proper.

## V.  FIFTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Comes now the Plaintiff, Williams McKinney, and for his fifth cause of action herein restates and incorporates by reference paragraphs 1-18 of this Amended Complaint and further asserts:

33.   The alleged acts by officers Gulikers, Anglin, Camacho and Williams caused severe emotional distress to Mr. McKinney.  The injury is a result off his being "head hunted" by the Defendants without reasonable suspicion or probable cause; being framed for resisting arrest; having to endure a lengthy criminal litigation process that resulted from the fraudulent claims being made by the Defendants; the severe emotional distress (past, present and future) related to Defendants attempt to deprive him of his liberty; and the threat of being torn away from his wife and children for a minimum of twenty years for crime(s) he did not commit. The conduct of the Defendant Officers is so offensive, "as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Breeden v. League Services Corp.*, 1978 OK 27, 575 P.2d 1374.

WHEREFORE, the Plaintiff, William McKinney, prays for judgment against the Defendants and for a total sum in excess of Seventy-Five Thousand ($75,000) Dollars, costs, attorney fees, and for such other further relief as the Court deems just and proper.

## VI.  SIXTH CAUSE OF ACTION

## PUNITIVE DAMAGES

Comes now the Plaintiff, Williams McKinney, and for his sixth cause of action herein restates and incorporates by reference paragraphs 1-18 of this Amended Complaint and further asserts:

34,    The actions of Officers Gulikers, Camacho, Anglin and Williams evinces reckless disregard for the life of another and their actions were willful and wanton, malicious, intentional and in bad faith.  As such the Plaintiff is entitled to punitive or exemplary damages.

WHEREFORE, the Plaintiff, William McKinney, prays for judgment against the Defendants and for a total sum in excess of Seventy-Five Thousand ($75,000) Dollars, costs, attorney fees, and for such other further relief as the Court deems just and proper.

DATED this 3rd day of July, 2013

Respectfully Submitted,

SPENCER HOUSLEY, OBA # 20242
HOUSLEY LAW GROUP, PLLC
4808 N. Classen Blvd
Oklahoma City, OK 731183
405/ 840-6800 Fax: 840-4808
housleylawgroup@gmail.com
*Attorney for Plaintiff*

and

Don Jackson, OBA # 15091
Jackson Law Firm
217 N. Harvey, Suite 105
Oklahoma City, OK 73102
Phone: 405/232/9090
Fax:    405/232/9091

## CERTIFICATE OF MAILING

I  hereby certify that on July 3rd , 2013, I electronically transmitted the attached document to the Clerk of the Court using the ECF filing System for filing.  Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the following ECF registrants:

David Lee OBA # 5333
LEE LAW CENTER, P.C.
6011 North Robinson Ave
Oklahoma City, OK 73118-7425
Phone: 405/848/1983
Fax:    405/848/4978
*Attorney for Phil Williams*

    and

Susan Ann Knight, OBA  #14594
Stacy Haws Felkner, OBA #14737
Manchester & Knight, PLLC
One Leadership Square, Suite 800 N
211 North Robinson
Oklahoma City, OK 73102
Phone: 405/235/4671
Fax:    405/235/5247
*Attorney for Defendants Oklahoma City Police*
*Officers Jeremy Anglin, Paul Camacho and*
*Christopher Gulikers*

SPENCER HOUSLEY