IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

WILLIAM RANDALL McKINNEY,    )
                             )
        Plaintiff,            )
                             )
vs.                          )   Case No. CIV-13-337-HE
                             )
CITY OF OKLAHOMA CITY, et al., )
                             )
        Defendants.           )

**DEFENDANT PHIL WILLIAMS' REPLY TO PLAINTIFF'S ASSERTION OF CONTROVERTED FACTS AND RESPONSE TO OFFICER WILLIAMS' MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Defendant Phil Williams, pursuant to LCvR7.1(I), files this Reply to Plaintiff's Response to Officer Williams Motion to Dismiss First Amended Complaint (Doc. 35), herein referred to as "Response." Defendant reiterates all arguments made in his Motion and Brief to Dismiss (Doc. 33).

**I.  PLAINTIFF SHOULD NOT BE PERMITTED TO PRESENT FACTUAL ALLEGATIONS THAT ARE NOT IN THE FIRST AMENDED COMPLAINT.**

Plaintiff, in his Response, attempts to bolster his First Amended Complaint by asserting additional factual allegations not contained in the First Amended Complaint and by attaching evidentiary materials to his Response. See Exhibit A, Doc. 35-1. Defendant objects to the admission of this new evidentiary material and requests that this Court not consider these new factual allegations or evidentiary material in determining whether to grant Defendant Williams' Motion to Dismiss. A motion to dismiss challenges the sufficiency of the complaint itself; as such, Plaintiff cannot add additional factual allegations or legal claims in his Response in order to defeat the Motion to Dismiss of Defendant Williams. See

Leonard v. Communication Technologies, Inc., No. CIV-05-1327-C, 2006 WL 126491, at *1 (W.D. Okla. Jan. 17, 2006) (stating that a motion to dismiss should be decided on the basis of the allegations contained in the complaint and noting that plaintiff had the opportunity to add the additional factual allegations contained in her response by filing an amended complaint); Lee v. Security Check, LLC., No. 3:09-cv-421-J-12-TEM, 2009 WL 3790455 at *2 (M.D. Florida Nov. 9, 2009) (holding that exhibits and new factual allegations presented by plaintiff in a response to a motion to dismiss cannot support denial of the motion to dismiss as it attempts to insert new facts not contained in the complaint itself).

In McCormick v. Farrar, 147 Fed. Apex. 716, 721 (10th Cir. 2005), the Tenth Circuit noted that with regard to a motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6), a court "cannot look beyond [the] complaint." In McCormick, the plaintiff alleged in his response to the defendant's motion to dismiss that the complaint contained a typographical error with regard to the date the defendant acted. The court held that this was not enough to prevent dismissal and that the proper action would have been to file an amended complaint. Id. at 720.

"If a complaint fails to state a claim even under the liberal requirements of the federal rules, the plaintiff cannot cure the deficiency by inserting the missing allegations in a document that is not either a complaint or an amendment to a complaint." Harrell v. United States, 13 F.3d 232, 236 (7th Cir.1993). If Plaintiff wishes to add additional factual allegations in this case, the proper method to do so would be by filing an amended complaint. Plaintiff should not be allowed to attempt to cure the deficiencies in his First Amended

Complaint by asserting new factual allegations in his Response brief. For the reasons stated above, Defendant Williams objects to Plaintiff's attempt to add additional factual allegations in his Response brief and again requests that the Court disregard those new allegations in determining whether the four corners of the First Amended Complaint state a claim for relief.

II. **EVEN IF THE PLAINTIFF'S EXHIBIT A IS CONSIDERED BY THE COURT, PLAINTIFF HAS FAILED TO STATE A FACTUALLY PLAUSIBLE CLAIM AGAINST DEFENDANT WILLIAMS, AND PLAINTIFF HAS FAILED TO CARRY HIS BURDEN IN SHOWING THAT DEFENDANT WILLIAMS IS NOT ENTITLED TO QUALIFIED IMMUNITY AND HAS FAILED TO SHOW THAT DEFENDANT WILLIAMS CAUSED ANY ALLEGED CONSTITUTIONAL VIOLATION.**

Exhibit A of the Response is a partial transcript of testimony by an unidentified witness who states that he was told by Williams that "there was possibly illegal narcotics or stolen property in his vehicle and then sitting up on the vehicle and developing PC when the vehicle leaves for a traffic stop." Doc. 35-1, at 1 and 5. However, even if the Court considered this testimony as part of the Plaintiff's First Amended Complaint, this alleged ambiguous statement by Williams would not state a claim of a clearly established constitutional violation. There is no allegation that Williams told anyone to fabricate evidence relating to Plaintiff. The phrase "develop probable cause for a stop" could mean to continue the investigation until facts were found that justified the stop. This statement was not a directive to invent probable cause, but one for the officer to wait until he or she had probable cause.

When considering a defendant's entitlement to qualified immunity, a court must ask whether the law so clearly and unambiguously prohibited his conduct that every reasonable

official would understand that what he is doing violates the law. Wyatt v. Fletcher, 718 F.3d 496, 503 (5th Cir. 2011). A court must be able to point to controlling authority, or a robust consensus of persuasive authority, that defines the contours of the right in question with a high degree of particularity. Id.

In Eidson v. Owens, 515 F.3d 1139, 1146 (10th Cir. 2008), the court held that a deputy who was the suspect's former attorney did not violate clearly established Fourth Amendment prohibition when he obtained their consent to search their property after telling them they could be detained for three days and face a judicial penalty if they did not consent. The court held that the deputy was entitled to qualified immunity. The court noted that although the consents were obtained in violation of the Fourth Amendment's prohibition against unreasonable searches, the court's next step was to determine whether "in the light of the specific context of this case," the constitutional provision was clearly established. Id. The court observed that while the facts of previous Supreme Court, Tenth Circuit or the clearly established weight of authority from other courts need not be identical, they must be sufficiently analogous to satisfy the particularized context necessary to support liability. Id. In Eidson, the court held that the deputy did not violate clearly established law and therefore, the district court's order denying qualified immunity to that deputy was reversed. Id. at 1150.

In the instant case, Plaintiff has failed to allege facts that constitute a violation of clearly established constitutional law. Plaintiff has cited no case that is factually similar where any court has held that this type of conduct was held to violate the Constitution. Furthermore, the alleged conduct by Defendant Williams was not so outrageous that he

4

would have understood that his conduct was unconstitutional. See Hope v. Pelzer, 536 U.S. 730, 739 (2002). In Hope, the Supreme Court held that prison guards who handcuffed a prisoner to a hitching post on two occasions, one of which lasted for seven hours without regular water or bathroom breaks, were not entitled to qualified immunity in a § 1983 action. The Court held that a reasonable officer would have known that using a hitching post under the circumstances in this case was unlawful. Officers are not entitled to qualified immunity if the state of the law gives the officers fair warning that their conduct is unconstitutional. Id. at 741-44. In Hope, the Court held that the obvious cruelty inherent in the practice should have provided the prison guards with some notice that their conduct was unconstitutional. Id. at 745. The prison guards were not entitled to qualified immunity under the facts alleged in that case. In the present case, the alleged actions by Williams were not such that he would have known that his conduct was unconstitutional.

For these reasons, Defendant Williams is entitled to qualified immunity with regard to the federal claims asserted against him. See Gilbreath v. Cleveland County Board of County Commissioners, No. CIV–11–1037–D, 2012 WL 2683133, *9 (W.D. Okla. July 6, 2012) (Complaint did not contain sufficient facts to show that Sheriff Lester personally participated in alleged violation; therefore, Sheriff Lester was entitled to qualified immunity).

## CONCLUSION

For the reasons stated, Defendant Williams again requests the Court to grant his motion to dismiss.

Respectfully submitted,


 /s/ David W. Lee
David W. Lee, OBA # 5333
Emily B. Fagan, OBA # 22427

LEE LAW CENTER, P.C.
6011 N. Robinson Avenue
Oklahoma City, OK  73118-7425
(405) 848-1983/Fax: (405) 848-4978
david@leelawcenter.com
emily@leelawcenter.com

ATTORNEYS FOR DEFENDANT
PHIL WILLIAMS

CERTIFICATE OF SERVICE

    I hereby certify that on August 9, 2013, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

    Don Jackson
Kristen L. Hartman
Jackson Law Firm
217 N. Harvey, Suite 105
Oklahoma City, OK  73102

Spencer Housley
Housley Law Group, PLLC
4808 N. Classen Blvd.
Oklahoma City, OK  73118

Richard C. Smith
Jennifer M. Warren
Assistant Municipal Counselors
City of Oklahoma City
200 N. Walker, 4th floor
Oklahoma City, OK  73102

Susan Ann Knight
Stacey Haws Felkner
Manchester & Knight, PLLC
One Leadership Square, Suite 800 N
211 North Robinson
Oklahoma City, OK  73102

   /s/ David W. Lee
David W. Lee