## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILLIAM RANDALL MCKINNEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | )   Case No.: CIV-13-337-HE |
| | ) |
| CITY OF OKLAHOMA CITY, and | ) |
| OKLAHOMA CITY POLICE DEPARTMENT, | ) |
| PHIL WILLIAMS, JEREMY ANGLIN, | ) |
| PAUL CAMACHO, CHRISTOPHER GULIKERS | ) |
| | ) |
| Defendants. | ) |

### JOINT STATUS REPORT AND DISCOVERY PLAN

Date of Conference:          Friday, September 6, 2013 at 9:30 a.m.

Appearing for Plaintiff:     Spencer Housley, OBA # 20242
Housley Law Group, PLLC
4808 N. Classen Blvd
Oklahoma City, OK 731183
405/ 840-6800 Fax: 840-4808

and

Don Jackson, OBA # 15091
Jackson Law Firm
217 N. Harvey, Suite 105
Oklahoma City, OK 73102
Phone: 405/232/9090
Fax:    405/232/9091

Appearing for Defendant Oklahoma City Police Officers Jeremy Anglin, Paul Camacho and Christopher Gulikers:

Susan Ann Knight, OBA #14594
Stacey Haws Felkner, OBA #14737
Manchester & Knight, PLLC
One Leadership Square, Suite 800 N
211 North Robinson
Oklahoma City, Oklahoma, 73102
Telephone: (405)235-4671
Facsimile:(405)235-5247

Appearing for Defendant Phil Williams:

David Lee OBA # 5333
Emily Fagan OBA # 22427
LEE LAW CENTER, P.C.
6011 North Robinson Ave
Oklahoma City, OK 73118-7425
Phone: 405/848/1983
Fax:    405/848/4978

**Jury Trial Demanded √  -  Non-Jury Trial ☐**

## 1.BRIEF PRELIMINARY STATEMENT-

A. <u>Plaintiff</u>- The plaintiff, Williams McKinney, brings this §1983 deprivation of rights claims against the named Oklahoma Police Officer defendants.  The plaintiff is further making individual tort claims against said officers and specifically alleges the officers actions were willful, wanton, and with malice.  Specifically, Mr. McKinney alleges that on February 15, 2011 the defendant officers conspired to perform an illegal traffic stop and arrest the plaintiff with excessive force and without probable cause.   The sole purpose of this alleged illegal arrest was to revoke his twenty year suspended sentence.

B. <u>Defendant Officers Gulikers, Camacho, and Anglin</u>-  On March 18, 2011, Defendant Anglin provided assistance to Defendant Gulikers regarding the plaintiff, who had been located at Interstate 240 and Pennsylvania Avenue in Oklahoma City, Oklahoma.  The plaintiff was a person of interest for OCPD Special Projects regarding involvement with narcotics and stolen property. After witnessing a traffic violation being committed by the plaintiff, the two officers initiated a traffic stop.  The driver of the subject vehicle was Bobby Hamm; the plaintiff was the passenger.

When Defendant Gulikers approached the vehicle, he smelled a strong odor of an alcoholic beverage and due to the plaintiff's refusal to cooperate, the plaintiff was removed from the vehicle (in fact, the plaintiff admitted to being legally drunk at the time of his contact with the defendant officers).  Plaintiff continued to be combative with the officers.  Defendant Camacho had observed the traffic stop and stopped to assist officers Anglin and Gulikers.  Plaintiff continued to refuse the lawful orders of the police officers, and defendant Camacho employed the use of his TASER. Initially, the TASER had no effect on the plaintiff, but once the officers were finally able to place the plaintiff in handcuffs, the plaintiff spit on defendant Camacho.

The plaintiff's belligerence continued as he was transported to Southwest Medical by defendant Anglin and even at the hospital with the treating doctor.  At all times relevant hereto, the defendant officers were acting within the course and scope of their employment as police officers for the City of Oklahoma City.  Any force used by these defendants was reasonable, necessary and appropriate under the circumstances and further, any injuries sustained by the plaintiff (the defendant officers deny that plaintiff sustained any injuries as a result of this incident) were the result of plaintiff's own unlawful actions.  The plaintiff's arrest was based upon probable cause.

C. <u>Defendant Phil Williams</u>- Defendant Williams denies the allegations against him. Defendant Williams is entitled to qualified immunity with regard to all federal claims asserted against him. Furthermore, Defendant Williams is immune from liability for any state tort law claims because he was at all times acting within the scope of his employment with the City of Oklahoma City. His actions were objectively reasonable and necessary. Defendant did not violate any of Plaintiff's clearly established rights. Defendant cannot be held liable for any alleged violations of Plaintiff's constitutionally protected rights pursuant to 42 U.S.C. § 1983 resulting from the acts of other employees under the doctrine of respondeat superior or vicarious liability.

2.   **JURISDICTION**- The plaintiff has made claims for deprivation of rights pursuant to 42 U.S.C. §1983. This is a federal question, thus jurisdiction is proper. Officer Williams has a pending motion requesting that this court choose not to apply supplemental jurisdiction for the Oklahoma state tort claims being made. Plaintiff objects to this request.

3.   **STIPULATED FACTS**

    1.   Jurisdiction is proper.
    2.   Venue is proper.

4.   **CONTENTIONS AND CLAIMS FOR DAMAGES OR OTHER RELIEF SOUGHT**

a.   <u>Plaintiff</u>:

    1.   Physical pain and suffering, past and future
    2.   Mental pain and suffering, past and future
    3.   Medical Expenses
    4.   Loss of earnings
    5.   Attorney's fees and costs of litigation
    6.   Loss of consortium
    7.   Punitive damages
    8.   Common law negligence
    9.   Intentional infliction of emotional distress
    10.   Abuse of process
    11.   Deprivation of rights pursuant to 42 U.S.C. §1983

b.   <u>Defendants Gulikers, Camacho, and Anglin</u>:

    1.   That plaintiff has failed to state a claim upon which relief may be granted.
    2.   That some or all of plaintiff's claims are outside the applicable statute of limitations.
    3.   That taken in a light most favorable to the plaintiff, the plaintiff has failed to state a claim which would entitle him to relief pursuant to the Eighth Amendment to the United States Constitution.

4.      That the defendant officers cannot be named in their individual capacities regarding any pendent state claims pursuant to Title 51 O.S. §163(C) and/or the doctrine of pendent claims jurisdiction.

5.      That at all times relevant hereto, the defendant officers were acting pursuant to their statutory duties as law enforcement officers.

6.      That plaintiff's injuries, to the extent they exist, were the result of plaintiff's own unlawful/intentional/negligent acts.

7.      That plaintiff has failed to state a claim which would entitle him to an award of punitive damages.

8.      That an award of punitive damages would be violative of the Fourteenth Amendment to the United States Constitution and principles of due process.

9.      That the conduct of the defendant officers did not violate any federal, constitutional or statutory rights of the plaintiff.

10.     That the actions of the defendant officers were in good faith.

11.     That the actions of the defendant officers were without malice.

12.     That the arrest of the plaintiff was based upon probable cause.

13.     That the defendant officers deny the use of excessive force at all times relevant hereto.

14.     That the actions of the defendant officers were at all times reasonable, necessary and appropriate based upon the circumstances confronting them at the time of this incident.

15.     That the defendant officers used the minimum amount of force necessary to effect the plaintiff's arrest.

16.     That any force used by the defendant officers was necessitated by the actions of the plaintiff in resisting a lawful arrest.

17.     That the actions of the defendant officers were not against clearly established law within the Tenth Circuit.

18.     That the actions of the defendant officers cannot be concurrently negligent, willful, wanton, malicious and/or in bad faith.

19.     That at all times relevant hereto, the actions of the defendant officers were within the course and scope of their employment as police officers for the City of Oklahoma City and within the training provided to them by the City of Oklahoma City; such training is lawful and constitutional.

20.     That the actions of the defendant officers were not so unreasonable as to remove the shield of qualified immunity.

c.     <u>Defendant Phil Williams</u>:

1. Defendant's actions were objectively reasonable.
2. Defendant did not violate clearly established law.
3. Defendant is entitled to qualified immunity.
4. Plaintiff has failed to state a claim of any kind against Defendant.

4

5. Defendant's actions or inactions were not the proximate cause of any alleged injuries or damages to Plaintiff.

6. Defendant denies the nature and extent of Plaintiff's alleged injuries and damages.

7. Defendant did not violate Plaintiff's constitutional or civil rights.

8. Any actions taken by Defendant were necessary under the circumstances existing at the time.

9. Plaintiff failed to mitigate his damages, if any.

10. Plaintiff's damages, if any, have been mitigated.

11. Plaintiff has failed to state a claim for punitive damages.

12. Defendant is immune from liability under the Oklahoma Governmental Tort Claims Act.

13. Damages under the Oklahoma Governmental Tort Claims Act are limited.

14. That some or all of plaintiff's claims are outside the applicable statute of limitations.

5. **APPLICABILITY OF FED.R.CIV.P.5.1 AND COMPLIANCE**

No claims or defenses draw into question the constitutionality of a federal or state statute.

6. **MOTIONS PENDING AND/OR ANTICIPATED**

Officers Anglin, Camacho and Guilkers have a pending Partial Motion to Dismiss. Officer Williams has a pending Motion to Dismiss. The issues have been fully briefed to the court and the parties are awaiting the court's ruling. The defendant officers anticipate filing a motion for summary judgment on the remaining issues in this case after discovery has been concluded.

7. **COMPLIANCE WITH RULE 26 (a)(1).** - The parties have agreed to exchange disclosures

by September 20, 2013.

8. **PLAN FOR DISCOVERY**

A. The discovery planning conference (Fed. R. Civ. P. 26(f)) was held on August 26, 2013.

B. The parties anticipate that discovery should be completed within 9 months.

C. In the event ADR is ordered or agreed to, what is the minimum amount of time necessary to complete necessary discovery prior to the ADR session? 4 Months.

D. Have the parties discussed issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced, pursuant to Fed. R. Civ. P. 26(f)(3)(C)?

√ Yes  ☐ No

E.    Have the parties discussed issues relating to claims of privilege or of protection as trial-preparation material pursuant to Fed. R. Civ. P. 26(f)(3)(D)?

√ Yes  ☐ No

To the extent the parties have made any agreements pursuant to Fed. R. Civ. P. 26(f)(3)(D) and Fed. R. Civ. P. 502(e) regarding a procedure to assert claims of privilege/protection after production and are requesting that the court include such agreement in an order, please set forth the agreement in detail below and submit a proposed order adopting the same. _____

F.    Identify any other discovery issues which should be addressed at the scheduling conference, including any subjects of discovery, limitations on discovery, protective orders needed, or other elements (Fed. R. Civ. P. 26(f)) which should be included in a particularized discovery plan.

None.

9.    **ESTIMATED TRIAL TIME**: 1 Week.

10.    **BIFURCATION REQUESTED**: ☐ Yes   √ No

11.    **POSSIBILITY OF SETTLEMENT**:☐ Good   ☐ Fair   √ Poor

12.    **SETTLEMENT AND PROCEDURES**:

A.    Compliance with LCvR 16.1(a)(1) - ADR discussion:   √ Yes   ☐ No

B.    The parties request that this case be referred to the following ADR process:

☐ Court-Ordered Mediation subject to LCvR 16.3
☐ Judicial Settlement Conference
☐ Other _____
√ None - the parties do not request ADR at this time.

13.    Parties consent to trial by Magistrate Judge: ☐ Yes   √ No

14.    Type of scheduling order requested. √ Standard -  ☐ Specialized

Submitted this 27th day of August, 2013.

                    __/s/ Spencer Housley_____
                    Spencer Housley, OBA # 20242
                    Housley Law Group, PLLC
                    4808 N. Classen Blvd
                    Oklahoma City, OK 731183
                    405/ 840-6800 Fax: 840-4808
                    housleylawgroup@gmail.com
                    *Attorney for Plaintiff*

                         and

                    Don Jackson, OBA # 15091
                    Jackson Law Firm
                    217 N. Harvey, Suite 105
                    Oklahoma City, OK 73102
                    Phone: 405/232/9090
                    Fax:    405/232/9091
                    *Attorney for Plaintiff*

                    ___/s/ Susan Knight_____
                    Susan Ann Knight, OBA #14594
                    Stacey Haws Felkner, OBA #14737
                    Manchester & Knight, PLLC
                    One Leadership Square, Suite 800 N
                    211 North Robinson
                    Oklahoma City, Oklahoma, 73102
                    Telephone: (405)235-4671
                    Facsimile:(405)235-5247
                    *Attorney for Defendants Gulikers, Camacho,*
                    *and Anglin.*

                    __/s/ David Lee_____
                    David Lee OBA # 5333
                    Emily Fagan OBA # 22427
                    LEE LAW CENTER, P.C.
                    6011 North Robinson Ave
                    Oklahoma City, OK 73118-7425
                    Phone: 405/848/1983
                    Fax:    405/848/4978
                    *Attorney for Phil Williams*

7