IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

WILLIAM RANDALL MCKINNEY,        )
                                 )
                Plaintiff,       )
vs.                              )        NO.  CIV-13-0337-HE
                                 )
CITY OF OKLAHOMA CITY, ET AL.,   )
                                 )
                Defendants.      )

## ORDER

The court previously dismissed plaintiff's complaint, following removal of the case

to this court, because it did not meet federal pleading standards.  Order, June 24, 2013 [Doc.

#26].  Plaintiff subsequently filed an amended complaint supplying some additional detail.

Defendants Williams has again moved to dismiss all claims in the amended complaint on the

same general grounds, plus assertion of governmental tort claims immunity and qualified

immunity as to some of them.  Defendants Anglin, Camacho, and Gulikers (the "ACG"

defendants) have moved to dismiss some of the claims, but concede that others are

sufficiently pleaded.

The standards for evaluating a motion to dismiss under Fed.R.Civ.P. 12(b)(6) were

stated in the court's prior order and will not be repeated here.

Plaintiff's first claim is a § 1983 claim.  The complaint asserts constitutional violations

which "include, but are not limited to" violations of the 4th, 5th and 8th Amendments.

While it is not clear what other claims plaintiff may intend to assert, the court concludes he

1

has stated facts sufficient to show plausible claims for false arrest and for excess force.[1]   To establish a § 1983 claim, a plaintiff must establish (1) that the defendant deprived him of a right secured by the Constitution or laws of the United States, and (2) that the defendant acted under color of state law.  Adickes v. Kress, 398 U.S. 144, 150 (1970). To show a constitutional violation for false arrest, plaintiff must establish that he was arrested without probable cause.  Gouskos v. Griffith, 122 F. App'x 965, 970 (10th Cir. 2005).  To establish a claim for excessive force in effecting an arrest, plaintiff must show that the force used in his arrest was objectively unreasonable in light of the facts and circumstances at the time.  Dixon v. Richer, 922 F.2d 1456, 1461-62 (10th Cir. 1991).

The ACG defendants concede that § 1983 claims for false arrest and excessive force are stated and the court agrees.  Contrary to defendant Williams suggestion, there are sufficiently pled facts to show a plausible claim.  The complaint alleges, among other things, that defendant Williams knew plaintiff was on a suspended sentence, that he thought plaintiff was among those responsible for Officer Peery's injuries, that he knew there was no outstanding warrant for plaintiff's arrest, that he directed other officers to monitor locations frequented by plaintiff despite a lack of evidence of any law violation, that he ordered other officers to a particular establishment on March 18, 2011, and that the ACG defendants arrested and beat plaintiff at Williams direction.  While certain of these allegations, standing alone, might be insufficient as conclusory, the court concludes sufficient facts are stated.

---

[1]*As a matter of good pleading, these should have been stated as separate § 1983 claims.*

2

Contrary to the suggestion of the ACG defendants, the claims are not barred by the statute of limitations.  A two-year statute applies to § 1983 claims in Oklahoma.  <u>Young v. Davis</u>, 554 F.3d 1254, 1256 (10th Cir. 2009).  The complaint alleges the arrest in question occurred on March 18, 2011.  This case was filed on March 15, 2013.

To the extent defendant Williams asserts qualified immunity as to these counts, a basis for the defense has not been established.  As the ACG defendants appear to concede, the right to be free from unreasonable seizures is clearly established and the acts of Williams, if true, show the requisite constitutional violation.  <u>Fogarty v. Gallegos</u>, 523 F.3d 1147, 1161-62 (10th Cir. 2008).

The second and third claims of the complaint purport to state claims for negligence as to all defendants and negligent supervision as to Williams.  Williams argues generally that no basis for a negligence claim is stated and the court agrees.  Negligence requires a deviation from an established standard of care, as opposed to an act intended to bring about a certain result.  Here, the factual allegations are not consistent with a negligence claim, as plaintiff appears to acknowledge.  Plaintiff's response to Williams motion [Doc. #35 at 6]: "These acts, taken as true, are considered intentional torts ...."  The court concludes plaintiff has not stated claims for negligence and that, to the extent he is pursuing claims for intentional torts under state law, those should be clearly identified.

Plaintiff's fourth claim is labeled one for abuse of process.  The elements of an abuse of process claim, under Oklahoma law, are (1) the improper use of the court process, (2) primarily for an ulterior improper purpose, (3) resulting in damage to the plaintiff asserting

3

the misuse.  Greenberg v. Wolfberg, 890 P.2d 895, 905 (Okla. 1994).  Contrasting the tort of abuse of process with the tort of malicious prosecution, Greenberg describes malicious prosecution as involving the initiation of the process, while the tort of abuse of process is based on "a perversion of the process after it is issued."  Id. at 906.

With respect to the ACG defendants, plaintiff relies primarily on the allegedly perjured testimony given by the officers at the revocation hearing as the necessary "perversion of the process".  However, as those defendants note, Oklahoma regards testimony given in a legal proceeding as absolutely privileged.  Cooper v. Parker-Hughey, M.D., 894 P.2d 1096 (Okla. 1995).  Cooper broadly endorsed the concept of absolute immunity from civil liability resulting from the testimony of witnesses in criminal proceedings, Id. at 1098-9, and specifically found that "no civil cause of action for perjury exists in Oklahoma."  Id. at 1101.  Plaintiff's response brief does not address the impact of Cooper, and there is no apparent reason why it does not apply here.  This immunity precludes plaintiff's effort to base an abuse of process claim on the allegedly perjured testimony.

Plaintiff's response makes passing reference to the complaint's allegations that the ACG defendants arrested plaintiff without probable cause and that they knowingly provided false information to prosecutors.  However, as noted above, Greenberg requires that the basis for an abuse of process claim be in perversion of the "process" after it is issued,[2] not before.

---

[2]Oklahoma construes the term "process" broadly, to encompass "the entire range of procedures incident to the litigation process."  Greenberg, 890 P.2d, at 905, n. 47.  However, the referenced actions preceded the formal initiation of legal proceedings.

4

890 P.2d at 906.  In some circumstances, allegations such as these might arguably be a basis for a malicious prosecution claim, but, based on when they occurred relative to the criminal/revocation proceeding, they are not a basis for an abuse of process claim here.

In sum, the complaint does not state an abuse of process claim against the ACG defendants.

Insofar as the claim is asserted against defendant Williams, it also relies on allegations that he intimidated witnesses in the course of the revocation hearing.  Such conduct is alleged to have occurred after the "process" was commenced, so it is not subject to the limitation last discussed above.  Although neither party has presented authority analyzing this tort in the context of witness intimidation, the court concludes, with some hesitation, in light of Oklahoma's broad definition of "process" (see note 2 above), that witness intimidation is potentially a sufficient "perversion" of the process to be actionable.  However, any such claim must be set forth in a manner consistent with <u>Twombly</u>.  Here, the complaint's allegations of witness intimidation are wholly conclusory and insufficient under <u>Twombly</u>. Plaintiff indicates the necessary information and specifics are in the hearing transcript.  They may well be, but the question for present purposes is the sufficiency of the complaint to state a claim.[3]

The motions to dismiss will be granted as to the abuse of process claim.

---

[3]*The court finds unpersuasive Williams' reliance on "scope of employment" immunity.  If plaintiff ultimately establishes intimidation of witnesses by an officer for retaliatory or otherwise improper purposes, a conclusion that the conduct was within his scope of employment seems unlikely.*

Plaintiff's fifth claim is for intentional infliction of emotional distress.  To make out a claim for intentional infliction of emotional distress under Oklahoma law, a plaintiff must establish (1) the defendant acted intentionally or recklessly, (2) the defendant's conduct was extreme and outrageous, (3) the defendant's conduct caused the plaintiff emotional distress, and (4) the resulting emotional distress was severe .  Computer Publ'ns, Inc. v. Welton, 49 P.3d 732, 735 (Okla. 2002). The defendants argue the complaint does not allege circumstances sufficiently severe to constitute the tort.  The court concludes otherwise.  The complaint alleges law enforcement officers targeted the plaintiff for punishment despite his having committed no offense, that they arrested him without cause, beat him severely in the process, tasered him multiple times after he was handcuffed, and verbally assaulted him as to what they hoped would happen to him in prison.  If plaintiff is able to prove the truth of those allegations, the necessary showing under Oklahoma law would be present.

Plaintiff's sixth claim purports to be for punitive damages.  A request for punitive damages is not a separate claim, but is simply a type of relief which may be available, in appropriate circumstances, upon proof of some other claim.  BMW of N. Am. v. Gore, 517 U.S. 559, 568 (1996).  The motion will be granted as to the purported separate claim.

For the reasons stated, defendant Williams' motion to dismiss [Doc. #33] is **GRANTED in PART and DENIED in PART**.  It is **GRANTED** as to the purported "negligence" claims, the abuse of process claim, and any purported separate claim for punitive damages.  The motion is otherwise **DENIED**.  Plaintiff is **GRANTED** leave to file, within **fourteen (14) days**, a further amended complaint as to the dismissed claims if he

6

elects to do so.  If a further amended complaint is filed, the constitutional claims under §

1983 should be separately stated as noted above.

**IT IS SO ORDERED**.

Dated this 11th day of September, 2013.

_____

JOE HEATON

UNITED STATES DISTRICT JUDGE