# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILLIAM RANDALL MCKINNEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-13-337-HE |
| | ) |
| CITY OF OKLAHOMA CITY, and | ) |
| OKLAHOMA CITY POLICE DEPARTMENT, | ) |
| PHIL WILLIAMS, JEREMY ANGLIN, | ) |
| PAUL CAMACHO, CHRISTOPHER GULIKERS, | ) |
| | ) |
| Defendants. | ) |

## THE CITY'S OBJECTIONS TO PLAINTIFF'S COUNSEL'S AD HOMINEM ATTACK ON RICHARD C. SMITH, ASSISTANT MUNICIPAL COUNSELOR, CONTAINED IN HIS REPLY TO OBJECTIONS TO PLAINTIFF'S SECOND MOTION TO COMPEL

**COMES NOW** the City of Oklahoma City and for its Reply to counsel's *ad hominem* attack on Richard C. Smith in his Reply to the Objections to his Second Motion to Compel states as follows:

1. On November 26, 2013, Plaintiff filed his Motion to Compel Discovery from a non party[1], the City of Oklahoma City.

---

[1] The City and the Oklahoma City Police Department were originally Defendants in this case. On April 8, 2013, Richard C. Smith filed his Entry of Appearance for these Defendants. The Court registered him as an attorney for the parties with his correct email address. On October 11, 2013, the City sent Plaintiff's counsel the City's "Objections and Responses of the City… to Plaintiff's *Subpoena Duces Tecum* served on the City and Oklahoma City Police Department." At page 7 of this document under the signature line, is Richard C. Smith's correct email address. Plaintiff's counsel obviously received it as

2. On December 2, 2013, this Court struck the Motion as Plaintiff's counsel failed to note compliance with LCvR 37.1 requiring a face to face discovery conference between counsel for the Plaintiff and the City.

3. On December 9, 2013, Plaintiff filed his Second Motion to Compel Discovery and stated to this Court that this conference had occurred.

4. On December 30, 2013, the City filed its Objection noting that the City did not attend any such conference.

5. On January 6, 2014, Plaintiff filed his Reply advising the Court of a claimed conversation Plaintiff's counsel had with Richard C. Smith's unnamed "assistant" in which he was advised to email Richard C. Smith and was given an "incorrect" email address.[2] This, of course, does not explain why he represented to the Court a conference occurred, which he now acknowledges did not, at least between counsel for Plaintiff and the City.

6. Plaintiff's counsel attaches to his Reply, his emails requesting this conference. The initial email request a meeting within two (2) weeks. There is nothing in those

---

he attached it to his October 2013 Motion to Compel. (Doc 45-2; page 7 of 9.) At least on the City's email network, everytime a document is filed in a federal case, a notice appears. This notice contains Richard C. Smith's correct email address. See attached Notice of the filing of Plaintiff's Reply. At page 2 of the Reply, Plaintiff's counsel incorrectly states: "The correct email is actually, rick.smith@okc.org." This is incorrect, the correct email address is rick.smith@okc.gov.

[2] Plaintiff's counsel claim that he was given the email address of richard.smith@okc.org by an employee of the City. The veracity of this claim should be considered in light of the fact that the City's email address is okc.gov.

emails establishing that the City's representative received the emails, responded to them or agreed to any such time, place or date of the conference. Given this Court's Order, one wonders why Mr. Housley did not check the email address or telephone Richard C. Smith.[3]

7. Mr. Housley does not deny he received Richard C. Smith's letter of December 5, 2013, (after Richard C. Smith was advised of the "meeting" in the foyer of the City Attorney's office on December 4, 2013) advising him of Richard C. Smith's availability on December 9, 10 or 11, 2013. He makes no claim he was somehow misled by the City Attorney's office into not attempting to reschedule the meeting during those dates.

Certainly, no one likes a discovery dispute.[4] Certainly, no one likes a tattle tail. The undersigned does not like being one. The Rules of Professional Responsibility require that an attorney display candor to any Judge. See 5 O.S. § 3 and 5 O.S. Ch. 1, App. 3-A, Rule 3.3(d). The undersigned was well aware what was likely to be Plaintiff's counsel's response and it was confirmed by his telephone call.

Federal Rules of Civil Procedure, Rule 45 requires that attorneys not impose an

---

[3] Despite Mr. Housley chastising this author for "not hav[ing] a full appreciation and understanding of the facts and circumstances prior to making such statements to the Court," Mr. Housley fails to advise the Court of a telephone conversation he had on December 31, 2013 with Richard C. Smith and Ms. Warren on speaker phone. He, *inter alia,* constantly and loudly berated this author for writing unprofessional letters when only a telephone call should have been made.

[4] At page 2, Plaintiff belatedly states "Regardless if this [C]ourt is of the Opinion that another conference need take place, the undersigned will certainly oblige." In light of Mr. Housley's telephone rant, the undersigned would request that any such discovery conference be conducted in front of a magistrate and with a court reporter.

undue burden on non parties. It is clear from Mr. Housley's cavalier attitude toward the undersigned that he does not believe that obligation extends towards counsel for third parties. The undersigned objects to Mr. Housley's requested claim that Richard C. Smith's conduct has been unprofessional, however, if Richard C. Smith's conduct is compared to Mr. Housley's, then the undersigned will gladly acknowledge that Richard C. Smith's behavior is not like Mr. Housley.

        Respectfully Submitted

        KENNETH JORDAN
        Municipal Counselor

By:   /s/ Richard C. Smith
        Richard C. Smith, OBA #8397
        Assistant Municipal Counselor
        200 North Walker, Suite 400
        Oklahoma City, Oklahoma  73102
        Attorney for Defendant City
        (405) 297-2451  (405) 297-3851
        rick.smith@okc.gov

## CERTIFICATE OF SERVICE

      I hereby certify that on the 7th day of January, 2014, I electronically transmitted the attached City's Objections to Plaintiff's Counsel's Ad Hominem Attack on Richard C. Smith, Assistant Municipal Counselor, Contained in his Reply to Objections to Plaintiff's Second Motion to Compel to:  Spencer B. Housley, 4808 North Classen Blvd., Oklahoma City, OK 73118, Attorney for Plaintiff William Randall McKinney; and by U.S. mail to:  David Lee, 6011 North Robinson Ave., Oklahoma City, OK 73118, Attorney for Defendant Phil Williams; and Susan A. Knight and Stacey Haws Felkner, 211 North Robinson, Suite 800N, Oklahoma City, OK, 73102, Attorneys for Defendants Jeremy Anglin, Paul Camacho and Christopher Gulikers.

                                    /s/ Richard C. Smith
                                    Assistant Municipal Counselor

Y:\McKinney, William v. City, etal., CIV-13-337-HE RCS-JMW\McKinney - City's Objections to Plaintiff's Counsel's Attack on RCS.docx