# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| WILLIAM RANDALL MCKINNEY, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-13-0337-HE |
| CITY OF OKLAHOMA CITY, ET AL., | ) | |
| Defendants. | ) | |

## ORDER

In his original petition filed in state court, plaintiff asserted claims against the City of Oklahoma City ("the City"), the Oklahoma City Police Department ("OCPD"), and a number of individual police officers. The case was removed to this court, and the claims against the City and OCPD were voluntarily dismissed by plaintiff. *See* [Doc. #19]. The individual defendants moved to dismiss the claims against them, which motion the court granted. [Doc. #26]. Plaintiff was granted leave to file an amended complaint, and later requested leave to further amend and reassert claims against the City, which the court also granted. Plaintiff has now filed his second amended complaint, asserting claims against the City under 42 U.S.C. § 1983 for violations of his constitutional rights.[1] The City has moved to dismiss the claims against it pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff has responded, and the motion is at issue.

The standards for evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6) were

---

[1]*The complaint references 42 O.S. § 1983, but it appears clear he is referring to 42 U.S.C. § 1983.*

stated in the court's prior order and will not be repeated here.

Discussion

In his second amended complaint, plaintiff asserts claims of false arrest and excessive force in violation of his Fourth, Fifth, and Eighth Amendment rights.[2] The City argues, among other things, that the claims against it should be dismissed because plaintiff has failed to allege sufficient facts to establish municipal liability under § 1983. Plaintiff's response largely ignores the substance of the City's arguments and focuses only on the possible application of the statute of limitations.

A municipality can be found liable under § 1983 for constitutional violations caused by the municipality itself, but is not automatically or vicariously liable for constitutional violations committed by its employees. Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 692 (1978). A plaintiff seeking to hold a municipality liable under § 1983 must identify a municipal "policy" or "custom" that caused his alleged injuries. *Id.* "Locating a 'policy' ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality." Bd. of County Comm'rs v. Brown, 520 U.S. 383, 403-04 (1997). A municipality may also be subjected to liability for acts performed pursuant to a "custom" which, while not having been formally approved by an appropriate

---

[2]*The City accurately points out that "the Due Process Clause of the Fifth Amendment applies only to action by the federal government while the Due Process Clause of the Fourteen[th] Amendment applies to actions by state governments." Koessel v. Sublette Cnty. Sheriff's Dep't, 717 F.3d 736, 748 n.2 (10th Cir. 2013). Plaintiff has not alleged any action by the federal government, so any Due Process claims would be based on the Fourteenth, rather than the Fifth, Amendment.*

2

decisionmaker, "is so widespread as to have the force of law." *Id.* at 404.

Here, plaintiff's complaint provides relatively little in the way of specific facts that might make out a plausible basis for municipal liability and relies largely on conclusory allegations. Plaintiff alleges that the OCPD "condoned and promulgated the harassment of [plaintiff] when they gave notice to its officers that [plaintiff] posed a danger to the police and had his picture on a wall in the police station besides [sic] the pictures of" other individuals. He also alleges that the OCPD "condoned and promulgated" the defendant officers' decision to "take the law into their own hands" and allegedly violate plaintiff's constitutional rights. As stated, in order to hold the City liable under § 1983, plaintiff must set out some factual basis for concluding that a policy or custom of the City caused his injuries. The conclusory allegations here are insufficient to do so.

The City also moves to dismiss plaintiff's false arrest claim on the basis that it is barred by the statute of limitations. It asserts that because plaintiff's original petition did not assert a false arrest claim, the amended complaint that he later filed to reallege claims against the city could not "relate back" to the original petition, thus rendering the false arrest claim time barred.

Although the petition did not explicitly assert a false arrest claim, see [Doc. #1-1], it was sufficient to put the City on notice that such a claim was asserted in substance. Plaintiff set out claims for excessive force, deprivation of rights, and abuse of discretion and authority. In the third claim, plaintiff asserted that the officers "abused their authority . . . when they made contact with [plaintiff] without legal justification." Having already set out a specific

3

claim for excessive force, the deprivation of rights and "contact" referred to in the abuse of authority claim must refer to something else.

Even if the court were to conclude that a false arrest claim was not previously asserted, the current claim would nonetheless "relate back" to the original petition in the circumstances existing here. Fed. R. Civ. P. 15(c)(2) provides that "[a]n amendment of a pleading relates back to the date of the original pleading when . . . the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Oklahoma's relation back doctrine is "in accord" with the federal doctrine. *See* Roth v. Mercy Health Ctr., Inc., 246 P.3d 1079, 1088 (Okla. 2011); *see also* Fratus v. DeLand, 49 F.3d 673, 675 (10th Cir. 1995) ("[S]tate law governs limitations and tolling issues . . . .")).[3] "The linchpin to Rule 15(c) is notice before the limitations period expires." Marsh v. Coleman Co., Inc., 774 F. Supp. 608, 612 (D. Kan. 1991) (citing Schiavone v. Fortune, 477 U.S. 21, 31 (1986)). "Relation back does not offend the notice policies underlying a statute of limitations if the original complaint fairly discloses the general fact situation out of which the new claims arise." *Id.* Here, plaintiff's petition discloses the general fact situation that gave rise to the false arrest claim. Moreover, the claim arises out of the same "conduct, transaction, or occurrence" as his other

---

[3]*The City's reference to* Nusbaum v. Knobbe, *23 P.3d 302 (Okla. Civ. App. 2001), is inapposite because that case involved the addition of a new party, not a new claim, and was decided before* Roth *specifically brought the Oklahoma relation back doctrine in line with its federal counterpart.*

§ 1983 claims.  Accordingly, the false arrest claim relates back to the original petition, and is not barred by the statute of limitations.

For the reasons stated, the City of Oklahoma City's motion to dismiss [Doc. #70] is **GRANTED** and the claims against it are **DISMISSED**.  As the deficiencies noted here are potentially remediable by amendment, plaintiff is **GRANTED** leave to file an amended complaint on or before **April 24, 2014**.

**IT IS SO ORDERED**.

Dated this 15th day of April, 2014.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE