# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| WILLIAM RANDALL MCKINNEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-13-0337-HE |
| | ) | |
| CITY OF OKLAHOMA CITY, *et. al*, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

In this case, plaintiff William Randall McKinney asserts § 1983 claims for false arrest and excess force against four Oklahoma City police officers.[1] He also asserts a state law claim for intentional infliction of emotional distress against the same defendants. Two motions for summary judgment have been filed by the officers. Defendants Anglin, Camacho, and Gulikers have moved for partial summary judgment as to plaintiff's § 1983 claim for false arrest and the state law claim.[2] Officer Williams has moved for summary judgment on all claims.

Plaintiff's claims arise against the backdrop of events occurring on February 15, 2011, when an off-duty Oklahoma City police officer, Chad Peery, was severely injured while trying to break up a fight in a bar involving acquaintances of plaintiff. It is undisputed that

---

[1]*Plaintiff's claims against the City of Oklahoma City were dismissed for failure to state a claim, with leave granted to plaintiff to further amend his complaint if he chose to pursue other claims against the City of Oklahoma City. [Doc. #80]. Plaintiff did not amend.*

[2]*These defendants concede that factual disputes preclude summary judgment as to the excess force claim.*

1

plaintiff was present in the general vicinity of the fight, but was not involved in the actual assault on Officer Peery. Though he was not charged with any offense, there is evidence that the Oklahoma City Police Department viewed him as a person of interest and issued an officer safety bulletin as to plaintiff, based on his acquaintance with those involved in the assault on Officer Peery and because of his own history of fighting with or injuring officers. Here, plaintiff generally asserts that the various actions allegedly taken against him by defendants were motivated by a desire to retaliate for his role, or perceived role, in the Peery incident.

Plaintiff's specific claims arise out of events that occurred on March 18, 2011. Based on information received from a confidential informant, defendant Williams informed other Oklahoma City police officers that plaintiff was at a local Hooters restaurant.[3] This information resulted in a nearly two-hour surveillance of that location. Eventually, plaintiff left the restaurant, riding as a passenger in someone else's truck. Another vehicle, driven by others who had been with plaintiff at the restaurant, left at the same time but in a different direction. Both vehicles were immediately stopped by police for traffic violations. Plaintiff was removed from the vehicle and arrested for public intoxication and other charges.

The specifics of executing that arrest are disputed. Proceedings later followed to revoke a twenty-year suspended sentence to which plaintiff was subject. Though other

---

[3]*As noted below, there is a factual dispute as to what Williams said or did as to the information, i.e. whether he directed some or all of the later actions of the other officers or whether he just passed along information.*

alleged facts involving plaintiff's history, defendants' conduct, state court proceedings, *etc.,* may ultimately bear on the disposition of plaintiff's claims, it is unnecessary to the disposition of the present motions to detail them here.

On a motion for summary judgment, the moving party bears the burden of proving that (1) no genuine issue of material fact exists, and (2) based on the undisputed facts, he is entitled to judgment as a matter of law. FED. R. CIV. PRO. 56(a). If he carries this burden, the court must grant summary judgement. *Id.* In determining whether this standard is met, the court views the evidence in the light most favorable to the non-moving party. Estate of Booker v. Gomez, 745 F.3d 405, 411 (10th Cir. 2014). Applying this standard, the court concludes that defendants are not entitled to summary judgment.

Defendants seek judgment as to the false arrest claim on the basis that the stop of the vehicle in which plaintiff was riding was supported by probable cause, and that any evidence suggesting bias or retaliatory motive on the part of defendants is irrelevant. Defendants' argument is a correct statement of the law in general. "[I]f the stop is based on an observed traffic violation or if the police officer has reasonable articulable suspicion that a traffic or equipment violation has occurred or is occurring," then it is valid. United States v. Botero–Ospina, 71 F.3d 783, 787 (10th Cir.1995). "Whether the police officer making the stop had any other motivation for the stopping the vehicle is irrelevant." United States v. Reyes Vencomo, 866 F. Supp. 2d 1304, 1329 (D.N.M. 2012) (citing States v. Cervine, 347 F.3d 865, 870 (10th Cir.2003); Botero–Ospina, 71 F.3d at 787; Hunnicutt, 135 F.3d at 1348). But that general principle does not end the issue here. Plaintiffs have offered evidence

suggesting that the underlying traffic violation did not in fact occur, including testimony from both the plaintiff and the driver of the vehicle. As a result, a justiciable issue of fact remains as to whether the traffic stop was proper.[4] Moreover, because defendants appear to rely on the "plain smell" doctrine[5] to justify plaintiff's arrest, and that doctrine requires that the officer be legally present where he smells alcohol, the validity of the arrest is necessarily tied to the validity of the traffic stop. As such, the false arrest claim is not appropriate for summary resolution.

Defendants' assertion of qualified immunity does not lead to a different conclusion. Where that defense is asserted, "the burden shifts to the plaintiff to show that: (1) the defendant violated a constitutional right and (2) the constitutional right was clearly established." Martinez v. Beggs, 563 F.3d 1082, 1088 (10th Cir. 2009) (internal citations omitted). "If, and only if, the plaintiff meets this two-part test does a defendant then bear the traditional burden of the movant for summary judgment-showing." Nelson v. McMullen, 207 F.3d 1202, 1206 (10th Cir. 2000). All factual disputes and reasonable inferences are still resolved in plaintiff's favor. Estate of Booker v. Gomez, 745 F.3d 405, 411-12 (10th Cir.

---

[4]*The fact that plaintiff was a passenger in, rather than the driver of, the vehicle does not impact his ability to challenge the legality of the stop. See* Brendlin v. California, *551 U.S. 249, 251 (2007).*

[5]*"The plain view doctrine is equally applicable to plain smells, such that no search occurs if a police officer detects an odor of illegal drugs, alcohol, chemicals or the like from a location in which he is entitled to be."* United States v. Montes Ramos, *347 F. App'x 383, 390 (10th Cir. 2009) (citing* United States v. Angelos, *433 F.3d 738, 748 (10th Cir. 2006);* United States v. Merryman, *630 F.2d 780, 784 (10th Cir. 1980)). Here, defendants claim that the arrest was lawful because they smelled alcohol on plaintiff.*

4

2014).

It is clearly established that the Fourth Amendment prohibits law enforcement officers from making a stop without reasonable suspicion that criminal activity is afoot. *See e.g.,* Oliver v. Woods, 209 F.3d 1179, 1185-86 (10th Cir. 2000). It is equally clear that, absent some exception, a warrantless arrest must be justified by probable cause to believe that a crime has been or is being committed. *See e.g., id.* Here, viewing the evidence in the light most favorable to plaintiff, there is evidence from which a jury might conclude that no traffic violation occurred and that the stop and arrest were therefore illegal under clearly established law. In these circumstances, a basis for qualified immunity has not been shown.

Defendants also seek summary judgment as to the claim for intentional infliction of emotional distress. To prevail on this claim, plaintiff must prove that defendants' acts were (1) intentional or reckless, (2) extreme and outrageous, and (3) the cause of severe emotional distress. Computer Publ'ns, Inc. v. Welton, 49 P.3d 732, 735 (Okla. 2002). Defendants' primary argument is that plaintiff has not proven that their behavior was "extreme and outrageous."

Here, taking the evidence in the light most favorable to plaintiff, there is evidence from which a jury might conclude defendants' behavior was sufficiently extreme and outrageous. This includes evidence that defendants stopped the vehicle in which he was riding without at least reasonable suspecion, forcibly jerked him from the vehicle, threw him to the ground face-first, and tased him multiple times while screaming things like "this is for

5

Peery" and "tase him again." Plaintiff's assertions and evidence are, of course, disputed. But on summary judgment the task is to identify whether material issues of fact exist, not to resolve them. Because of these disputes, defendants' motion will be denied as to the claim for intentional infliction of emotional distress.

Apart from the issues raised by all defendants, Defendant Williams separately argues that summary judgment ought to be granted in his favor, as to all claims, because he did not personally participate in the stop, arrest, or alleged beating. To be liable under § 1983, a defendant must "subject or cause to be subjected...a plaintiff to a deprivation of his legal rights." 42 U.S.C. § 1983. This provision does not give rise to derivative liability, such as strict liability or *respondeat superior*. Porro v. Barnes, 624 F.3d 1327-28 (10th Cir. 2010). Rather, it requires that liability be based on the actions of the defendant himself. *Id.* (citing Serna v. Colo. Dep't. of Corr., 455 F.3d 1146, 1151 (10th Cir. 2006).

It is undisputed that Williams was not present at the surveillance, stop or arrest of defendant. However, the evidence <u>is</u> disputed as to whether Williams was merely passing information along to others or whether he played a more active role in directing the actions of the other officers who plaintiff claims violated his rights. The court concludes that the totality of the evidence submitted, viewed in the light most favorable to plaintiff, is sufficient to create a justiciable question as to whether defendant Williams personally directed or participated in the events allegedly violating plaintiff's rights. This includes evidence suggesting, (1) that Williams directed the other officers to find probable cause and stop the

6

pickup; (2) his arguably unusual level of interest in plaintiff;[6] (3) his combined knowledge of the Peery incident, plaintiff's past confrontations with police officers, and plaintiff's twenty-year suspended sentence; and (4) an attempt to intimidate a witness at plaintiff's revocation hearing. Much or all of this evidence is disputed but, as noted above, the court's current obligation is to view the evidence in the light most favorable to the non-movant, here the plaintiff. As there is evidence potentially sufficient to support an inference by a reasonable jury that Williams directed or participated in the allegedly unlawful conduct of the other defendants, Williams is not entitled to summary judgment on the basis of lack of personal involvement.

Defendant Williams also argues that the Oklahoma Government Tort Claims Act (OGTCA) bars the state law claim because Williams was acting within the scope of his employment during all relevant times. But the OGTCA does not protect public employees who act maliciously or in bad faith. Pellegrino v. State ex rel. Cameron Univ. ex rel. Bd. of Regents of State, 63 P.3d 535, 537 (Okla. 2003). Per the discussion above, there is evidence sufficient to create a justiciable question as to whether Williams' actions were malicious or in bad faith, and hence whether he was acting within the scope of his employment. The OGTCA therefore does not afford a basis for summary judgment as to the claim for intentional infliction of emotional distress.

---

[6]*For example, there is evidence that Williams made one or more additional phone calls to other officers during the surveillance period keeping them informed, presumably based on what his confidential informant was relaying, as to what plaintiff was doing. Additionally, Williams' response was arguably disproportionate to an investigation of someone who "might" commit a parol violation and/or be in possession of unidentified stolen property.*

For the reasons stated, the defendants' motions for summary judgment [Doc. Nos. 128 & 132] are **DENIED**.

**IT IS SO ORDERED**.

Dated this 19th day of December, 2014.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE